CHAS. HEIDENHEIMER & CO. v. G. SCHLETT.

(Case No. 1900.)

1. NEW TRIAL — TRIAL BY JURY.— Where a trial by jury has been demanded and verdict rendered, the court has no right to render judgment for a different amount without the consent of all the parties; but a new trial should be granted.

2. DAMAGES.— Damages for the seizure of goods should be their estimated value on the day and at the place of seizure, and only such damages as are the natural and necessary result of the seizure of the goods should be considered by the jury in making their estimate.

APPEAL from Jackson. Tried below before the Hon. Wm. H. Burkhart.

Appellee sued appellants and J. E. Billups, sheriff of Jackson county, for $1,000 actual and $3,500 exemplary damages for wilfully and maliciously levying an attachment on a stock of general merchandise. The verdict of the jury found for appellee the sum of $650 against Charles Heidenheimer, D. M. Ehrlich and Jacob Stirne, appellants, and in favor of J. E. Billups, sheriff. At the suggestion of the court appellees entered a *remittitur* of $244, from which appellants appealed.

J. D. Owen, for appellants, cited: Tucker v. Hamlin, 60 Tex., 171; Harris v. Finberg, 46 Tex., 80; Thomas v. Womack, 13 Tex., 584; Hughes v. Brooks, 36 Tex., 381; Hardeman v. Morgan, 48 Tex., 104; Bridge v. Ballew, 11 Tex., 270; Swigley v. Dickson, 2 Tex., 192; Tarbox v. Kennon, 3 Tex., 7; Graham v. Roder, 5 Tex., 145.

A. B. Peticolas, for appellee, that the *remittitur* was proper, cited: Robbins v. Walters, 2 Tex., 130, 132; Underwood v. Parrott, 2 Tex., 168, 181; G. W. T. & P. R'y Co. v. Montier, 61 Tex., 122; Zapp v. Michaelis, 58 Tex., 270, 276; Carter v. Roland, 53 Tex., 540; Baird v. Trice, 51 Tex., 555, 558; Hunt v. Reilly, 50 Tex., 100, 105; Bracken v. Neill, 15 Tex., 115.

STAYTON, ASSOCIATE JUSTICE.— There was no sufficient ground in this case to authorize the giving of exemplary damages, but the charge of the court informed the jury that they might award such damages.

The evidence did not justify a verdict for so large a sum as was given as actual damages. The verdict is a general one, and it is hard to escape from the conclusion that a part of the sum named in the verdict is not for exemplary damages.

The judgment evidences the fact that the sum remitted ($244) was considered by the court as the exemplary damages embraced in the general finding of $650 as damages to which the appellee was entitled, and that the court, and not the jury, estimated the actual damages at $406.

This practically amounted to a trial of the cause by the court when a jury had been demanded and had brought in a verdict.

To this the parties had not agreed, and as the judge as well as the appellee were of the opinion that the verdict was too large, and as there were no means by which it could be ascertained what the

Statement of the case.

jury intended to find as actual damages, a new trial should have been granted. Hoskins v. Sterling, 4 Tex. L. R., 184.

In view of another trial we deem it proper to say that the value of the goods seized should be ascertained as at the place and on the day of seizure, and not by what might be realized if they were retailed in small quantities and at different times. Tucker v. Hamlin, 60 Tex., 174; Blum v. Merchant, 58 Tex., 400; Wallace v. Finberg, 46 Tex., 35.

This was not the course pursued on the trial.

The repeated journeys and expenses of travel, shown by the evidence on the trial, were not the natural or necessary results of the seizure, and should not enter into the consideration of the jury in estimating the damages to which the appellee may be entitled.

Judgment reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered February 24, 1885.]