### WM. J. & DAN ARWINE v. JESSEE ARWINE.

#### (No. 3709.)

APPEAL from Tarrant County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

HOVENCAMP, HOLLAND & BLAIR, counsel for appellants.

JAS. C. SCOTT and HENRY FINCH, counsel for appellee.

§ **154.** *Wrongful conversion of property; measure of damage for; case stated.* This suit was brought by appellee against appellants to recover damages for the

unlawful seizure and conversion of two mules of the aggregate value of $325. There was a contract between Jessee and Dan Arwine whereby the former had bought the mules from the latter; but as to whether this contract was executed or executory, the evidence is conflicting. Appellee claimed and testified that the purchase was complete, the purchase price to be paid at a future day, while appellants claimed and testified that the mules were sold and delivered to appellee on condition that if he paid for them by a day fixed they were to be his property, but that the title to said mules was not to vest in him until such payment. Appellee having failed to pay for the mules at the time fixed, appellants went to his place in the night-time, and, without his knowledge or consent, took and carried away said mules. The trial of the case resulted in a verdict and judgment for appellee for $359 damages. Appellee in his petition claimed both actual and exemplary damages. The charge of the court is assailed because it did not submit to the jury the proper measure of damages. In substance the court charged that if the wrongful seizure and conversion were established by the evidence, the measure of the damages would be the actual value of the mules at the time they were taken, together with the reasonable value of their use, not to exceed the amount claimed in plaintiff's petition. *Held:* In a suit for damages for the conversion of property, the ordinary measure of damages is the value of the property at the time it was taken, with legal interest from that date. [Harris v. Finberg, 46 Tex. 80; Wallace v. Finberg, 46 Tex. 48; Blum v. Germany, 60 Tex. 159; Blum v. Merchant, 58 Tex. 400; Heidenheimer v. Schlett, 63 Tex. 394; W. & W. Con. Rep. § 950.] But, "in actions for damages resulting from a tort, or from a trespass upon personal property, the measure of damages is not always the same as when the action is *ex contractu.* In torts the wrong-doer may be liable for remote consequences, provided they were probable to result from the wrong, or are the direct or natural results of it, the

limit of such liability depending upon the aggravation and the motives of the wrong-doer, or the degree of negligence or malice manifested by the circumstances connected with the tort." [W. & W. Con. Rep. §§ 415, 763, 1127; 2 W. Con. Rep. §§ 157, 288.] "Where the conversion is accompanied with aggravations, such as fraud, malice, gross negligence or oppression, the measure of damages is not restricted to the general rule of value, with legal interest thereon from the date of conversion, but is enlarged so as to embrace not only special actual, but in some cases exemplary damages." [2 W. Con. Rep. § 453.] "If a tort is committed deliberately, recklessly, or by wilful negligence, with a present consciousness of invading another's rights, exemplary damages may be recovered." [Bernheim & Co. v. Crum, 62 Tex. 402.] Applying these rules to the facts of this case, if the mules had been actually sold on time and delivered with title, by Dan to Jessee Arwine, and they were afterwards taken by appellants from appellee's possession, secretly and fraudulently, in the night-time, it would seem that such circumstances would constitute legitimate ground for the damages authorized by the charge of the court, and hence the charge is not erroneous.

§ 155. *Sale; executory; title does not pass, when; wrongful conversion of property; must be assumption of ownership to constitute.* Appellants requested a special instruction as follows: "If from the evidence you believe the contract between plaintiff and defendant was, that the mules should be plaintiff's only when he paid for them, this would leave the title in defendant until the mules were paid for." This instruction was refused. *Held,* error. Upon this question the evidence was conflicting, and the court should have submitted the law of the issue to the jury, it being the province of the jury, and not of the judge, to determine the conflict of evidence. Where property is sold at a fixed price, to be paid on a certain day, and delivery of the property is made upon an agreement, express or implied, that, until

the purchase price is paid, the title is to remain in the vendor, payment becomes a condition precedent, and until payment is made the title to the property is not vested in the purchaser. [Sinker, Davis & Co. v. Comparet, 62 Tex. 470.] To constitute a wrongful conversion of property, the party taking the property must illegally assume ownership thereof. [2 W. Con. Rep. §·69.]

· October 30, 1886.     Reversed and remanded.