M. J. DOOLEY ET AL. v. M. M. MILLER.

No. 59.

**Evidence — Contradicting Witness.** — In an action involving the title to certain jewelry, R. M., a witness for plaintiff, testified that the jewelry was and always had been the property of his mother, the plaintiff. Being asked on cross-examination if he did not write a letter to defendant claiming. in effect, to own the property, and stating that he would put it into their partnership business as a portion of his capital, he denied having so written, but on being shown the letter admitted that he wrote it. Defendants offered the letter in evidence. *Held*, that it was admissible for the purpose of contradicting and discrediting the witness.

APPEAL from Johnson.  Tried below before Hon. J. M. HALL.

*Bledsoe, Patton & Brown*, for appellants.—The letter of the witness R. A. Miller was admissible for the purpose of contradicting said witness. Miller & English v. Jannett, 63 Texas, 82; Rhine v. Blake, 59 Texas, 240.

*Crane & Ramsey*, for appellee.—R. A. Miller was not a party to this suit, and the declarations in his letter, in the absence of appellee, and not shown to have been made with her knowledge or consent, were not admissible as original testimony, and were not, under the facts of the case, competent to contradict him.  Wright v. Daily, 26 Texas, 731; Weir v. McGee, 25 Texas Supp., 32; Latham v. Pledger, 11 Texas, 445.

STEPHENS, ASSOCIATE JUSTICE.—This controversy involves the title to a lot of jewelry, recovered by appellee from M. J. Dooley and G. W. Cotter, appellants.  It became a material inquiry on the trial in the court below, whether the jewelry was the property of appellee M. M. Miller, or her son, R. A. Miller, as a member of the firm of R. A. Miller & Co., of which firm appellant M. J. Dooley was the other partner.  The jewelry had been deposited with appellant Cotter, to indemnify him as the surety of the firm for a firm debt, which debt was afterwards paid.  Dooley claimed that the jewelry had not only been deposited for this purpose, but also that it had become a part of the firm assets.  This was denied by appellee and her son, R. A. Miller.

The first assignment of error complains of the exclusion of testimony, as appears from the bill of exceptions, substantially as follows:  "The plaintiff having introduced the witness R. A. Miller, after the conclusion of the direct examination of said witness, defendant's counsel, on cross-examination, asked the witness the following question: ' Did you or not, on or about the —— day of January, 1887, write a certain letter to defendant M. J. Dooley, in which you stated that you would send to Louisville, Kentucky, and redeem certain jewelry, and after you secured the

same you would put it into the business of R. A. Miller & Co., and defendant M. J. Dooley could use it, or sell it to raise money for said business ?' To which said witness replied that he did not write any such letter. Whereupon defendant's counsel exhibited a certain letter, of date —— day of January, 1887, purporting to have been written by said witness R. A. Miller to said defendant M. J. Dooley, and asked said witness if he wrote said letter, to which said witness replied that he did; and after plaintiff had closed her testimony, defendant M. J. Dooley offered said letter, dated —— day of January, 1887, purporting to have been written by said witness to defendant M. J. Dooley, and containing in it the statement that witness R. A. Miller would send to Louisville, Kentucky, and redeem certain jewelry, and after he received it he would put it into the business of R. A. Miller & Co., and said defendant M. J. Dooley could use it, or sell it to raise money for said business.''

The first objection urged by appellee to the introduction of this testimony was, that she had called the witness only to prove the purpose for which the property had been pledged, to-wit, to secure the firm debt, and that this debt had been paid, and that she had interrogated the witness only on these issues. This objection is not sustained by the record. In his testimony in chief the witness stated, '' Said jewelry is my mother's, and has always been.''

The second objection was, that the declaration was not shown to have come to the knowledge of appellee, and she could not be bound thereby.

The third and last objection was, that it was an immaterial inquiry, and hence the witness could not be contradicted thereon.

It seems perfectly clear to us that the testimony was admissible, at least to contradict and discredit the witness. The evidence was very conflicting between witnesses for plaintiff and defendants below, and therefore the question of credibility was one of prime importance. Miller & English v. Jannett, 63 Texas, 82. The exclusion of this evidence, therefore, necessitates a reversal of the judgment.

Complaint is also made of the court's action in giving and refusing charges. Without reviewing in detail the charges given and refused, in view of another trial, we suggest that if the pleadings and proof should be substantially the same as this record discloses, that the following issues should by appropriate instructions be submitted:

1. Whether or not the property belonged to appellee.

2. If the title to the property was in her, whether or not, by her consent, it had become a part of the assets of the firm of R. A. Miller & Co., as claimed by Dooley.

If the jury should find the affirmative of the first isssue, and the negative of the second, the verdict should be for appellee, otherwise it should be against her.

We think the court took the proper view of Cotter's liability for costs. The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 17, 1893.