TEXAS & PACIFIC RAILWAY CO. v. ALLEN J. PAYNE.

Delivered December 12, 1896.

1.   Railway Company—Merchandise Destroyed in Transit—Measure of Damages—Charge of Court.

In an action against a railway company to recover the value of merchandise destroyed by fire in transit, the court erred in charging the jury that the measure of damages was the highest market value of said goods at their destination, less freight charges, since such instruction permitted a recovery at the retail price.

2.   Same.

The measure of damages for goods destroyed in transit is the value of the goods in the exact condition they were in at the time, with legal interest.

3.   Evidence—Merchandise Destroyed in Transit—Value at Retail and at Public Auction.

In an action for the destruction of merchandise in transit, evidence of what might

be realized from a sale of the goods at retail or of the profit to be thus derived is inadmissible; as also is evidence as to what the goods would have sold for in bulk at public auction.

**4. Interstate Shipment—Contract Against Liability of Carrier.**

A shipment of goods from St. Louis, Mo., to Colorado, Texas, is an interstate shipment, and the railway company may contract against liability for loss by fire not caused by its own negligence.

**5. Railway Company—Goods Destroyed in Transit—Burden of Proof.**

Where goods are destroyed by fire while in the custody of a railway company, the burden is upon it to show that the fire was not due to its negligence.

**6. Same—Fire in Depot—Custom of Other Railroads.**

Where goods were destroyed by fire while in a railway company's depot, evidence as to the custom of other railroad companies to keep oil and fill and light their lamps in the freight rooms of their depot buildings was properly excluded. Following Railway v. Duncan, 31 S. W. Rep., 562.

APPEAL from the County Court of Mitchell. Tried below before Hon. W. C. McCallum.

*Smallwood & Smith,* for appellant.

*W. B. Crockett* and *Chas. A. Jennings,* for appellee.

TARLTON, CHIEF JUSTICE.—On November 5 and 6, 1894, the appellee purchased in St. Louis, Missouri, certain goods, consisting of toys and merchandise of like character, for which he paid the sum of about $220. He shipped these goods upon contracts made at St. Louis with the St. Louis, Iron Mountain & Southern and the Missouri, Kansas & Texas Railway Companies, providing for transportation over their lines and that of the appellant, a connecting line, to Colorado, Texas, where the appellee was engaged in the mercantile business.

The goods were destroyed by fire in the depot of the appellant at Colorado at 7:10 p. m., November 12, 1894. The appellee sued the appellant as for a conversion, to recover the value of the merchandise. This was described in the petition in certain exhibits, the values as alleged being itemized, and aggregating $421.85. From a verdict and judgment in favor of the appellee in the sum of $420.24, this appeal is prosecuted.

The court charged that "the measure of damages in this case is the highest market value of said goods, less freight charges, in Colorado, Texas." This instruction was predicated upon testimony admitted over the objection of the appellant, and in accordance with the court's view that, in the absence of a wholesale market value for the goods at Colorado at the time of their arrival, the measure of the plaintiff's damages was what the goods could have been sold for at Colorado at retail in the course of mercantile business.

We think that this view thus prompting the court in its instruction and in its ruling upon the admission of evidence was erroneous. By virtue of the court's action the plaintiff recovered a profit upon his investment of an amount approximating 100 per cent, and it is manifest

that this profit was estimated upon what would have been the proceeds of the sale of the goods at retail at Colorado. The measure of damages in a case of this kind is the value of the goods in the exact condition they were in at the time of the conversion, with legal interest from the date of the conversion. The proper measure excludes any estimate of profits to be realized from sales at retail, and in a condition different from that in which they were at the time of conversion. Tucker v. Hamlin, 60 Texas, 174.

This measure does not exclude the enhanced value which may have attached to the goods at the place of conversion over what may have been their purchase price in the distant market in which they may have been bought, though this enhanced value may be properly described as profit, but the value recovered must be measured by the exact condition of the merchandise at the time and the place of conversion. Blum v. Merchant, 58 Texas, 404.

The retail price, however, cannot properly measure the value. "Where a quantity of merchandise is sued for, the retail price would be unjust, for the merchant in fixing that price takes into consideration not only the first cost of the goods, but store rent, clerk hire, insurance, and a probable amount of bad debts, and adds to all these a percentage of profit." 3 Sutherland on Damages, sec. 1098, citing Heidenheimer v. Schlett, 63 Texas, 394.

It is error to admit evidence of what might be realized from a sale of the goods at retail, or of the profit to be thus derived. Miller v. Jannett, 63 Texas, 87.

It is also improper to admit evidence as to what the goods would have sold for in bulk at public auction, as if thus sold their true value might not be approximately realized. Schoolher v. Hutchins, 66 Texas, 332.

In the case just cited our Supreme Court approves a charge submitting as a proper measure of damages the reasonable value of the goods in cash at the time of their conversion, with legal interest, holding that such an instruction "excludes the idea that the jury were at liberty to estimate the value of the goods at such sum as they might subsequently have been sold for at retail in the ordinary course of a retail mercantile business."

The contracts of shipment, contemplating a carriage from St. Louis, Missouri, to Colorado, Texas, over connecting lines, of which the appellant was the terminal line, were contracts of interstate shipment. Navigation Co. v. Insurance Co., 32 S. W. Rep., 889.

Therefore the appellant had the right to contract against liability for loss occasioned by fire, not caused by its own negligence. But as the fire in this instance destroyed the goods while in its custody, the burden is upon it to show that the fire was not due to its negligence. Ryan v. Railway, 65 Texas, 13.

Evidence as to the custom of other railroad companies to keep their oil and fill and light their lamps in the freight room of their depot

buildings was properly excluded under the circumstances here shown. Railway v. Duncan, 31 S. W. Rep., 562.

On account of the erroneous action of the court as above indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*