# FIRST DISTRICT, 1897.

## St. Louis Southwestern Railway Co. v. G. W. Cates.

### Delivered January 7, 1897.

**1. Railway Company—Contract of Shipment—Evidence.**

In an action against a railway company for delay in the transportation of goods, parol evidence is inadmissible to show the contract entered into between the shipper and the contracting carrier, the bill of lading being the best evidence.

**2. Same.**

Evidence of a parol contract of shipment made with a connecting carrier is inadmissible in an action against the delivering carrier, where the evidence fails to establish that the former was the agent of the latter in receiving the goods.

**3. Railway Company—Damages Due to Delay in Transportation—Charge of Court.**

In action against a railway company for damages from delay in the transportation of fruit trees, the court erred in refusing to instruct the jury that if the trees were tendered to plaintiff while yet uninjured the defendant would not be liable for injuries subsequently resulting.

**4. Same.**

In an action against a railway company for damages from delay in the transportation of fruit trees, the court erred in refusing to instruct the jury that, if the trees were tendered to plaintiff while only a portion of them were damaged, he would be entitled to recover only for the damage existing at that time.

5. **Same—Same—Connecting Carrier.**

In an action against a railway company for damages from delay in the transportation of fruit trees, where the evidence failed to show that the connecting carrier receiving the trees was the agent of defendant, the court erred in instructing the jury that they would find for plaintiff if the "defendant received said trees and agreed with plaintiff to deliver same" within a certain time.

6. **Same—Same—Special Damages.**

In an action against a railway company for damages from delay in the transportation of fruit trees, plaintiff was not entitled to recover special damages claimed unless defendant was notified or from the nature and character of the freight was charged with knowledge that a quick delivery thereof was necessary.

APPEAL from the County Court of Smith. Tried below before G. W. CROSS, ESQ., Special Judge.

*Marsh & McIlwaine,* for appellant.—1. So long as freight remains in specie, and is not injured so as to be totally worthless, the owner or consignee must receive it when tendered by the carrier, and can recover from it only the damages occasioned by the delay or injury. Baumbach v. Railway, 4 Texas Civ. App., 650; Railway v. Stanley, 33 S. W. Rep., 109; Railway v. Rushing, 3 Will. C. C., sec. 318; Railway v. Van Winkle, 3 Will. C. C., secs. 443-445; Railway v. Jackson, 4 Will. C. C., sec. 48; Railway v. Booton, 4 Will. C. C., sec. 67; Railway v. Watson, 1 White & W. C. C., sec. 815; Hutchinson on Carriers, secs. 328-775.

2. It is the duty of a party threatened with damage by reason of another's breach of contract or negligent act to use ordinary care to protect himself, and render the injury as light as possible, and when by the use of such means he can prevent loss, he can only recover for such loss as could not thus be prevented. Telegraph Co. v. Jeanes, 31 S. W. Rep., 186; Railway v. Anderson, 85 Texas, 88; Railway v. Young, 60 Texas, 201; Railway v. McMannewitz, 70 Texas, 73.

[No brief for appellee reached the Reporter.]

PLEASANTS, ASSOCIATE JUSTICE.—The appellee in November, 1893, contracted with several persons for the sale of and delivery to them, at Alba, in Wood County, a quantity of fruit trees and vines, the delivery to be made on the 30th of November. On the 24th of November appellee, by his agent, one Francis, delivered for shipment to Alba, to the agent of the Southeastern Texas Railway Company at Selman, the trees and vines which he had contracted to sell as aforesaid, with instructions to said agent to make the shipment from Tyler to Greenville by the International & Great Northern Railway, and from thence to Alba by the Missouri, Kansas & Texas Railway, but the Southeastern Railway delivered the goods at Tyler to the appellant's road, by which they were taken to Greenville, and thence to Alba, by the Missouri, Kansas & Texas Railway, and were received by the agent of the latter road at Alba on the evening of the 5th of December, 1893,

and the appellee, who was in Alba, was notified of the receipt of the goods on the next day, but he refused to receive them, and brought suit to recover of appellant the price for which he had contracted to sell them, to-wit, $334.35.

The petition alleged that the said agent of the Southeastern Railway was fully informed, at the time of delivery to them of the said vines and fruit trees, of the nature and character of the freight he was receiving, and that the same was contracted to be delivered on the 30th of November, and that unless they were delivered at the time the contract of sale would be forfeited, and that plaintiff would be damaged to the extent of the value of said articles, and that the condition of said shrubbery and vines was such that any unusual delay in delivering them would result in their ruin. The petition averred further that said Tyler & Southeastern Railway, in receiving and contracting to deliver said freight at Alba, were the agents of defendant, the appellant here, and transmitted to appellant the said goods at Tyler, and that defendant accepted the same subject to the contract entered into by its said agent with plaintiff, and with full notice and information of the character of said goods, and the importance of their prompt transmission, and of plaintiff's contract with his customers for the delivery of said goods on the 30th of November, 1893, and that defendant received the goods at Tyler on the 25th of November, 1893; that through the negligence of defendant, the said goods remained in its possession about ten days, and by reason of such negligence in the transmission of said freight by defendant, plaintiff was prevented from delivering to his customers the shrubbery and vines which they had purchased from plaintiff, and plaintiff being unable to comply with said contracts of sale the same were forfeited, the purchasers refusing to receive the said goods contracted for by them, and that the said shrubs and vines were a total loss to him. The plaintiff also sued to recover alleged expenses incurred by him in hunting for the freight so shipped by him between the 30th of November and the 6th of December.

The defendant answered by general and special exceptions and by general denial, and by special denial under oath that the Southeastern Railway was the agent of defendant in receiving said freight, or that said road had any authority to bind defendant by contract. The answer averred that defendant had no knowlege of the alleged circumstances under which the said goods were received by said Southeastern Railway, or that said trees and vines had been sold, when they were received from its connecting line at Tyler. The answer contained other averments not necessary to be here stated.

Upon trial of the case a verdict and judgment were rendered for the plaintiff against defendant for $191.47½, and its motion for new trial being overruled, it appealed to this court.

The evidence shows that the goods were delivered as averred to the agent of the Southeastern Railway, at Mt. Selman, in Cherokee County, on the 24th day of November, 1893, and that said agent was distinctly

informed at the time by plaintiff's agent that the shrubbery and vines had been sold and plaintiff had contracted to deliver them at Alba, in Wood County, on the 30th of November, and that if they could not be delivered by that date he would not ship them, but would express them, and said agent for the railway informed the plaintiff's agent that there would be no delay in the shipment of the freight, and there was no reason why the said goods should not be delivered; and upon receiving this assurance from the agent of the railway, plaintiff's agent shipped the goods and received from the railway a bill of lading executed in the usual form of such instruments, but the bill contained no stipulation for the delivery of the freight by the 30th of November, or any recitals showing the nature and character of the goods shipped. The freight was taken by the Southeastern Railway to Tyler and there delivered to appellant, as appears from pleadings of appellant, on the 25th day of November, for shipment to Alba via Greenville, and said goods were received at Greenville by the agent of the Missouri, Kansas & Texas Railway from the appellant's road, as appears from the testimony of the agent of the Missouri, Kansas & Texas Company, on or about the 4th day of December, 1893, and were forwarded by the first local freight train leaving Greenville for Alba. But there was no evidence submitted on the trial to sustain the averment that the Southeastern Railway was the agent of appellant in receiving said freight from plaintiff, or that the former was authorized to bind the latter by contract. The plaintiff refused to receive the goods, and testified that they were worthless when tendered to him. There was other evidence showing that the damage, if any, to the trees and vines when they were received at Alba was but partial, and that many of the trees, after remaining in the depot for six or eight weeks, were planted by several persons, and that a large portion of those so planted were living when the case was tried.

The appellant in its brief presents first its fifth assignment of error for our consideration, which is that the court erred in permitting the witness Ed. Francis to testify to a purported conversation had, and contract entered into by him, with the agent of the Tyler Southeastern Railway Company, at Mt. Selman, by which he undertook to deliver said trees at Alba by the 30th of November, 1893, for the reasons shown in bill of exceptions No. 3. This assignment must be sustained. The bill of lading was the best evidence of the contract for the shipment and delivery of the goods. Contemporaneous parol evidence is not admissible to vary or contradict that which is written. Besides the contract which the witness testified to was not made with the appellant, but with the Tyler Southeastern Railway; and the evidence, as we have seen, fails to sustain the averment of the petition that said railway was the agent of the appellant, and as such agent received and receipted for the goods shipped by the plaintiff.

The refusal of the court to give the following special charge is assigned as error: "You are instructed, at the request of defendant, that if you believe from the evidence in this case that the trees in question were

tendered to plaintiff after their arrival at Alba, and that if plaintiff had received them he could have preserved them, or any part of them, by the use of proper care and attention, it was his duty to have done so, and if he suffered loss on account of such failure to receive said trees, he cannot recover for such loss." This charge called to the attention of the court an issue raised by the evidence, which required a charge from the court, and upon which the court had not charged. The evidence on the part of the appellant tended to show that the plaintiff's goods, when tendered to him by the agent of the Missouri, Kansas & Texas Railway, at Alba, were not, as he testified, ruined and worthless, but, if damaged at all, the injury was slight. For any injury resulting to his property through his own negligence the plaintiff, of course, could not recover, and the jury should have been told, if the goods were uninjured when tendered to plaintiff at Alba, the appellant would not be liable for any injury subsequently resulting from their remaining in the depot.

The court erred, we think, in refusing the following charge requested by the defendant: "You are further charged, at the request of the defendant, that, if you believe from the evidence that if the plaintiff sustained any damages by any of said trees becoming wholly worthless before they arrived and were tendered to plaintiff at Alba, if in fact they were so tendered, and while they were being transported to that place, or by any of said trees being partially damaged by reason of their delay in transportation while in defendant's hands, then the jury will estimate such damages as the evidence shows the plaintiff to have sustained, if any damages are shown, and return a verdict for such amount; but if the jury believe from the evidence that only a portion of said trees were damaged, and that within a reasonable time after said trees arrived at Alba they were tendered to plaintiff, then it was the duty of plaintiff to accept said trees, and if you believe such tender was made to plaintiff then he can only recover damages for such trees as were shown to have been totally worthless and damages for such other trees as were damaged at the time, if any were damaged."

This portion of the court's charge is also assigned as error: "And if you believe from the evidence that the plaintiff, on the 24th day of November, 1893, at Mt. Selman, Texas, delivered certain nursery stock or fruit trees, in good condition, to be shipped to Alba, Texas, on or by the 30th day of November, 1893, and that defendant received said trees, and agreed with plaintiff to deliver same at said Alba, Texas, by the 30th day of November, 1893, and failed to do so, then you would be authorized to find for the plaintiff for whatever damages he may have sustained by reason of such failure." The evidence does not warrant the court in giving this charge.

The refusal of the court to give charge No. 9, requested by appellant, is also assigned as error. The charge is in these words: "You are instructed, at the request of the defendant, that in order to make the defendant liable for the special damages claimed, that is, the price which divers persons had contracted to pay for said trees upon their delivery

at Alba, sougnt to be recovered in this case, the facts of the sale of said trees by plaintiff should have been brought to the attention of the St. Louis Southwestern Railway Company of Texas at the time said trees were delivered to it for shipment, and unless you find that defendant was so notified, or knew at the time said trees came into his hands of the special circumstances which make a quick delivery necessary, you should not allow plaintiff the special damages claimed by him." This charge with this qualification should have been given: "Or unless, from the nature and character of the freight, the appellant was charged with knowing that a quick and speedy delivery thereof was important and necessary."

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*