CASE 5.—ACTION BY HANSFORD & SON AGAINST THE CIN-
CINNATI, NEW ORLEANS & TEXAS PACIFIC RY.
CO., TO RECOVER FOR LOSS OF FREIGHT.—
March 12.

## Cincinnati, N. O. & T. P. Ry. Co. v. Hansford & Son

| 125 | 37 |
| f134 | 359 |

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Trial—Agreed Statement of Facts—Findings.—Where a case is tried on an agreed statement of facts, it is not necessary that the court should make separate findings of fact and law.

Cincinnati, N. O. & T. P. Ry. Co. v. Hansford & Son.

2. Appeal—Motion for New Trial—Necessity—Scope of Review.— Where a case is tried to the court, a motion for a new trial is necessary to authorize a review of alleged errors committed during the trial.

3. Same.—Where an action was tried to the court, and there was nothing in the record on appeal to sustain the judgment, it will be reversed, though there was no motion for a new trial.

4. Carriers—Loss of Freight—Damages.—Where a carrier lost goods in its possession for transportation to plaintiff intended for resale in the course of plaintiff's business and no freight had ever been paid, the carrier was only liable for the fair market value of the goods at the time and place of delivery, and not for profits which plaintiff might have made had he resold the goods in the ordinary course of his business.

5. Same—What Law Governs.—A carrier's liability for loss of goods shipped from New York to Kentucky, which loss occurred in Kentucky, was governed by the Kentucky law, and not by the law of New York, though the contract of carriage was made there

E. H. GAITHER and JOHN GALVIN for appellant.

## POINTS AND AUTHORITIES.

1. The validity of the contract:

The contract provides: "The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment under this bill of lading."

This is clearly not a limitation of liability, but a fair and equitable agreement for ascertaining what damages the shipper has sustained.

2. The measure of damages:

Where a commodity is purchased for resale and lost in shipment, the measure in damages is the difference between the cost of the article, and the selling price, less incidental expenses, when the selling price can be definitely ascertained, but where it is contingent or the sale uncertain it is held to be too remote to furnish any criterion.

## AUTHORITIES CITED.

L. & N. Ry. v. Oden, 80 Ala., 38; Vanarsdale v. Randall, 82 Ill., 63; Robinson v. Hager, 35 Fla., 544; Josling v. Irvine, 6 Hurlst

Cincinnati, N. O. & T. P. Ry. Co. v. Hansford & Son.

and N., 512; Bories v. Hutchison, 18th C. B. N. S., 445; Newport News & Miss. Valley Ry. Co. v. Mercer, 96 Ky., 475; Marsden Co. v. Bullit, 24 Ky. Law Rep., 1697; Smith v. Sipe, 25th O. L. J., 395; James v. Adams, 8 W. Va., 568; Grubbs v. Burgord, 98 Va., 558; Patterson v. Ayre, 13 C. B., 353; Koch v. Murk, 48 Ill. App., 26; Denver T. G. Ry. Co. v. Hutchinson, 31 Neb., 573.

C. E. RANKIN and H. H. LINNEY for appellees.

We have, as we believe fully established the two points necessary to a decision of this case. First, by the case of the C. C. C. & St. L. Ry. Co. v. Druien, that the contractis to be governed by the laws of Kentucky. Second, by the cases of Baughman v. Louisville, E. & St. L. Ry. Co.; Albrecht v. Louisville & N. Ry. Co.; Blood v. Herring; Bluegrass Cordage Co. v. Luthy; Campbellsville Lumber Co. v. Bradlee, and other cases, that the profits, not being remote nor contingent, but fairly within the con⁺emplation of both parties, should be allowed as damages in addition to the original cost of the goods.

## AUTHORITIES CITED.

1. The contract; what law governs its construction?    (C. C. & St. L. R. R. Co. v. Druien, 118 Ky., 237.).

2. Is the contract valid under the Kentucky law?    (Kentucky Constitution, section 196; L. & N. R. R. Co. v. Owens, 93 Ky., 201; Western U. Tel. Co. v. Eubanks & Russell, 100th Ky., 591; O. & M. Ry. Co. v. Tabor, 98th Ky., 503; Adams Express Co. v. Hooeing, 87 Ky., 373; C. N. O. & T. P. R. R. Co. v. Sanders & Walker, 118 Ky., 237.)

3. The measure of the recovery.    (Ray on Negligence of imposed duties, 1035; Sedgewick on Damages, 356; Woods-Mayme on Damages 400; Lawson on Bailments, 575; Hale on Bailments, 557; Thompson on Negligence, section 7202; Hutcheson on Carriers, 769; 111 U. S. R., 584; 110 U. S. R., 338; 78 American Decisions, 382; 9 Ky. Law Rep., 814.)

4. No motions and ground for new trial; what matters are before this court on this appeal. (The Albin Co. v. Ellinger & Co., 103 Ky., 240 and 251; Henderson, &c., v. Dupree, &c., 82 Ky., 681; Beeler v. Sandidge, 20 Ky. Law Rep., 1581; Heml v. Coffee, 80 Ky., 176; Simms & Harris v. Lanehart, 19 Ky. Law Rep., 1439; The American Mutual A. So. v. Bronger, 91 Ky., 407; Jenne v. Matlack, 19 Ky. Law Rep., 503.)

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

Hansford & Son purchased in Rochester, N. Y., on
February 10, 1906, a bill of goods amounting to $317.
The goods were shipped to them, but were lost in
Kentucky by the Cincinnati, New Orleans & Texas
Pacific Railway Company before delivery to the con-
signees at Harrodsburg. This action was brought by
them against the railway company to recover for the
loss of the goods. On the trial the following agreed
state of facts was filed: ''It is agreed by plaintiffs
and the defendant, Cincinnati, New Orleans & Texas
Pacific Railway Company, for the purpose of a trial
of this case, that the goods purchased by the plaintiff,
if they had been put in his store and sold by plaintiff
at retail, that being the purpose for which they were
bought, would have realized him the gross sum of
$422.66, and for the purpose of a trial of this case
these facts are submitted to the judge for a judgment
without the intervention of a jury. It is further
agreed that said goods were delivered to said defend-
ant at Cincinnati, Ohio; that they were carried into
Kentucky, but were never delivered to the plaintiff
or to the connecting carrier at Burgin, Ky.; that by
reason of the failure of the defendant to deliver the
goods at the time they should have been delivered the
plaintiffs were prevented, owing to the lateness of the
season, from procuring the same line of goods for
their spring stock elsewhere, and were prevented
from having such goods in their stock of clothing;
that the freight charges on said goods was the sum
of $2.50, which the plaintiffs have never paid. It is
further agreed that a reasonable amount of profit to

the plaintiffs on said bill of goods when sold would have been the sum of $105.66, and that they were purchased by the plaintiffs for the purpose of resale as merchandise, and that plaintiffs had demand for said goods, which said profits added to $317, the original cost of said goods, makes the full sum of $422.66." The case was submitted to the court without a jury on these facts, and, judgment having been entered in favor of the plaintiffs for $422.66, the railroad company appeals.

There was no separate finding of law and facts made by the circuit court, and no motion for a new trial.

It is insisted for the appellees that the only question arising on the appeal is whether the pleadings support the judgment. The rule is that, where a case is submitted upon an agreed state of facts, there is no necessity for a separate finding of law and facts. In Owensboro v. Weir, 95 Ky. 166, 15 Ky. Law Rep. 506, 24 S. W. 117, the court said: "Now, upon an agreed state of fact, what could the court do in the way of stating 'in writing the conclusions of fact found separately from the conclusions of law?' Simply copy or restate the agreed state of fact. Clearly the court's judgment on the law only was asked. There was no trial of questions of fact." In the previous case of Commonwealth v. King, 86 Ky. 436, 9 Ky. Law Rep. 653, 6 S. W. 124, it was said: "Neither the law nor the facts, nor both combined, authorized the judgment rendered. It was therefore not necessary to separate the one from the other in the findings below." In Helm v. Coffey, 80 Ky. 176, 3 Ky. Law Rep. 677, the court thus stated the rule as to the necessity of a motion for new trial in a case like this: "The principal question to be considered is whether a motion and

grounds for a new trial are necessary in a common-
law action where the law and facts are submitted to
the court without a jury. We are of opinion that
such motion and grounds for new trial are necessary
in order to a review by this court of any alleged error
committed by the court below during the progress of
the trial. In the absence of a motion and grounds
for a new trial, nothing is brought to this court for
review on appeal except the inquiry as to whether the
pleadings state any cause of action or any defense,
and whether the evidence, heard and properly pre-
sented by bill, authorized the judgment. Every other
error is waived by the failure to call the attention of
the court below to it by motion and specific grounds
assigned." In Henderson v. Dupree, 82 Ky. 678, 6 Ky.
Law Rep. 702, the court was urged to overrule Helm v.
Coffey, but it declined to do so; and said: "In the ab-
sence of a motion for a new trial, this court will not con-
sider the evidence in the case as it would if it had been
made; but yet it is proper to determine whether there
is any testimony whatever to support the verdict or
judgment, because, if none, then only a question of
law was presented to the judge of the lower court
and a party ought not to be required to call his atten-
tion to the fact that the adverse party has no case or
defense whatever." In Albin Company v. Ellinger,
103 Ky. 240, 44 S. W. 655, 19 Ky. Law Rep. 1886,
these cases were reviewed and approved. In Jenne v.
Matlack, 41 S. W. 11, 19 Ky. Law Rep. 503; Simms
v. Lanehart, 38 S. W. 490, 19 Ky. Law Rep. 1439;
Beeler v. Sandidge, 49 S. W. 533, 20 Ky. Law Rep.
1581, and Day v. Adams, 50 S. W. 2, 20 Ky. Law
Rep. 1827, the evidence was conflicting, and there was
not a want of evidence to sustain the judgment. In
these cases language is used to the effect that, in the

absence of a motion for new trial, the only question presented is whether the pleadings warrant the judgment. But the rule is not so narrowed in the cases cited as authority therein, and there was in each of them evidence to sustain the judgment. If there is nothing in the record to sustain the judgment, then, on the face of the record, the judgment is unwarranted, and should not be permitted to stand, although there is no motion for new trial.

The agreed facts entitled the plaintiffs to a judgment for $317, with interest from February 10, 1906. But the carrier is not responsible for the profits which the plaintiffs might have made on the goods when resold at Harrodsburg. The measure of recovery in a case like this is the reasonable and fair market value of the goods at the time and place of delivery. There is nothing in the agreed facts to show that the goods were of value more than $317, as the freight had not been paid. The court on the agreed facts should have entered judgment against the defendant for $317, with interest and costs. Under the case of Cleveland, etc., R. R. Co. v. Druien, 118 Ky. 237, 26 Ky. Law Rep. 103, 80 S. W. 778, 66 L. R. A. 275, and Adams Express Company v. Walker, 119 Ky. 121, 26 Ky. Law Rep. 1025, 83 S. W. 106, the carrier's liability for the loss occurring in Kentucky is governed by the law of Kentucky, and not by the law of New York, although the contract was made there.

Judgment reversed, and cause remanded for a judgment as herein indicated.