QUANAH, A. & P. RY. CO. v. NOVIT.
(No. 1239.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1917. Rehearing Denied Jan. 9, 1918.)

1. CARRIERS ⚖==135—INJURIES TO APPLES IN TRANSIT—MEASURE OF DAMAGES.

In an action for damage to a carload of apples in transit, the proper measure of damages, in the absence of pleading or evidence authorizing the recovery of special damages, is the difference in the market value of the apples in the condition in which they arrived, and their market value at the time and in the condition they would have arrived but for negligence in transportation, and if there was no market value, then the reasonable value of the apples would be the basis of estimating the damages.

2. JUDGMENT ⚖==256(2)—CONFORMITY TO SPECIAL ISSUE.

If what plaintiff would have realized from the sale of his apples damaged in transit was the proper measure of damages, no judgment could have been entered on the jury's answer to an issue as to what plaintiff would have realized, because the expense which should have been deducted from the amount was unknown.

3. CARRIERS ⚖==135—INJURIES TO APPLES IN TRANSIT—DAMAGES—MARKET VALUE AT RETAIL.

Where plaintiff did not receive a carload of apples in their damaged or worthless condition, so that the expense of retailing them was not incurred, the market value of the apples, if sold at retail, was not the proper measure of recovery from the railroad for injuring the shipment.

4. CARRIERS ⚖==122—DUTY OF CONSIGNEE TO ACCEPT INJURED SHIPMENT.

If a carload of apples were not rendered practically worthless in transit, it was the consignee's duty to have accepted them on arrival at destination, and if his refusal to accept them

was wrongful, he should suffer the loss incident to the further holding of the apples until they could be legally disposed of by the railway, but the consignee could still recover as damages the difference in the value of the apples in the condition in which they should have arrived, and their value in their condition at the time of arrival and tender by the road.

5. EVIDENCE ⚖==91, 96(1)—BURDEN ON PLAINTIFF AND DEFENDANT.

The burden was on plaintiff to establish the issues on which he relied for recovery, and on defendant to establish the affirmative defenses relied on to defeat recovery.

6. TRIAL ⚖==242—CONFUSING INSTRUCTION.

In an action for damage to apples in transit, the instruction that the burden of proof was on plaintiff to prove his case by a preponderance of the evidence, and on defendants to prove their defense by the preponderance of the evidence, was apt to confuse the jury, as it might deprive defendant of the benefit of its general and special denials, which did not constitute affirmative matters of defense as to which the burden of proof is on defendant, and might lead the jury to decide that the burden as to plaintiff's right to recover would shift on his making a prima facie case by his own evidence.

7. CARRIERS ⚖==124½—CARRIAGE OF FREIGHT — INJURIES IN TRANSIT — OFFSETTING FREIGHT CHARGES.

In an action against a railroad for damages to a carload of apples in transit, the railway can recover its unpaid freight, and if plaintiff should recover damages, such recovery may be set off by the amount due as freight charges, with judgment against the party owing the other after such set-off.

Appeal from Cottle County Court; W. O. Jones, Judge.

Suit by Sam Novit against the Quanah, Acme & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. A. Clarke, D. E. Decker, and Jno. P. Marrs, all of Quanah, for appellant. James M. Whatley, of Paducah, for appellee.

BOYCE, J. This suit was brought by appellee to recover of appellant damages to a shipment of a car of apples. The apples were originally shipped from Wallace, Mo., and consigned to plaintiff at Vernon, Tex., but upon arrival at such place were reshipped to Paducah. It was alleged that the apples were in good condition when reshipped from Vernon, but on account of the negligence of the defendant they were worthless upon arrival at Paducah. The plaintiff pleaded that the market value of the apples at Paducah, if properly transported, would have been $1.25 per bushel, but that upon arrival they were worthless and, further, that he "would have realized, after deducting the freight and reasonable expense of handling same at Paducah, Tex., the sum of $346.95, from the car of apples," and prayed for judgment for said sum, for general relief, etc.

The case was submitted on special issues, and the jury found that the defendant was negligent in the transportation of the car of apples from Vernon to Paducah; that the market value of the apples in the condition

in which they arrived at Paducah was $20. The seventh issue submitted was as follows:

"If in answer to issue 4 you have answered that the apples were in bad condition when they arrived, then what would have been their market value at Paducah, Tex., had they arrived in good condition by retail on the market at Paducah, Tex.?"

To which the jury answered:

"$667.50, at $1.25 per bushel."

The eleventh issue submitted was as follows:

"If you have answered the apples arrived in bad condition, then had the apples arrived in good condition what would the plaintiff have realized on them, after deducting the freight charges and the reasonable expense of handling the same at Paducah, Tex.?"

To which the jury answered:

"$304.95, less expenses unknown."

The court entered judgment upon this verdict for the plaintiff for the sum of $304.95.

[1, 2] There was no pleading or evidence that would authorize the recovery by plaintiff of special damages, and the proper measure of damages in this case would be the difference in the market value of the apples in the condition in which they did arrive and their market value at Paducah at the time and in the condition they would have arrived but for the negligence in transportation. If there was no market value, then the reasonable value of the apples would be the basis of estimating the damages. The defendant's exception to plaintiff's pleading, as above stated, of what he would have realized from the sale of said apples, should therefore have been sustained and such issue not have been submitted to the jury. Even if this was the proper measure of damages no judgment could have been entered on the answer of the jury to this issue because the expense which should have been deducted from the $304.95 was unknown.

But appellee takes the position in this court that the pleading and verdict are sufficient to support the judgment on application of the proper measure of damages as we have stated it, since a deduction of the balance of the freight charges, added to the $20 found by the jury to be the market value of the apples at Paducah in their damaged condition, from their market value in good condition, as found in the answer to the seventh issue, as above stated, leaves an amount largely in excess of the amount for which the judgment was entered. This would be correct if the issue of the market value of the apples at Paducah had been properly submitted, so that we are brought to the consideration of appellant's assignment to the effect that the value of the apples as they might be sold at retail does not furnish the correct basis for determining the value of the car of apples. An employé of the plaintiff and one of his witnesses testified that $1.25 per bushel was the price at which they were peddling out such apples in good condition at Paducah.

[3] It is not reasonable that the value of this quantity of apples could be fairly said to be the price at which they might be sold at retail in small quantities by the bushel, dozen, etc., for certainly there would be some expense, loss, or risk of loss, etc., in peddling out and disposing of a carload of apples in small quantities, and where, as in this instance, the plaintiff did not receive the goods in their damaged or worthless condition at all, so that the expense of retailing them was not incurred, we think the market value of the apples, if sold at retail, would not be the proper measure of recovery. Tucker v. Hamlin, 60 Tex. 171; T. & P. Ry. Co. v. Payne, 15 Tex. Civ. App. 58, 38 S. W. 366; Schoolher v. Hutchins, 66 Tex. 324, 1 S. W. 269; Needham Piano & Organ Co. v. Hollingsworth, 91 Tex. 49, 40 S. W. 787; Virginia Fire Insurance Co. v. Cannon, 18 Tex. Civ. App. 588, 45 S. W. 948; Heidenheimer v. Schlett, 63 Tex. 394; Cincinnati Ry. Co. v. Hansford, 125 Ky. 37, 100 S. W. 251.

"The measure of damages in a case of this kind is the value of the goods in the exact condition they were in at the time of the conversion, with legal interest from the date of the conversion. The proper measure excludes any estimate of profits to be realized from sales at retail, and in a condition different from that in which they were at the time of conversion. Tucker v. Hamlin, 60 Tex. 174. This measure does not exclude the enhanced value which may have attached to the goods at the place of conversion over what may have been their purchase price in the distant market in which they may have been bought, though this enhanced value may be properly described as profit; but the value recovered must be measured by the exact condition of the merchandise at the time and the place of conversion. Blum v. Merchant, 58 Tex. 404. The retail price, however, cannot properly measure the value. 'Where a quantity of merchandise is sued for, the retail price would be unjust; for the merchant, in fixing that price, takes into consideration, not only the first cost of the goods, but store rent, clerk hire, insurance, and a probable amount of bad debts, and adds to all these a percentage of profit.' 3 Suth. Dam. 1098, citing Heidenheimer v. Schlett, 63 Tex. 394."

"It is error to admit evidence of what might be realized from a sale of the goods at retail, or of the profit to be thus derived. Miller v. Jannett, 63 Tex. 87. It is also improper to admit evidence as to what the goods would have sold for in bulk at public auction, as, if thus sold, their true value might not be approximately realized. Schoolher v. Hutchins, 66 Tex. 332, 1 S. W. 266. In the case just cited, our Supreme Court approves a charge submitting, as a proper measure of damages, the reasonable value of the goods in cash at the time of their conversion, with legal interest, holding that such an instruction 'excludes the idea that the jury were at liberty to estimate the value of the goods at such sum as they might subsequently have been sold for at retail, in the ordinary course of a retail mercantile business.'" T. & P. Ry. Co. v. Payne, 15 Tex. Civ. App. 60, 38 S. W. 367.

We therefore conclude that the verdict of the jury furnished no basis on which a judgment could be entered and the case must be reversed for this reason.

The apples were refused by the appellant upon arrival at Paducah, and the railway

company, after the advertisement required by law, sold them at auction, for the sum of $20. Appellant contends that since it thus appears that the apples were not wholly worthless, plaintiff could not recover anything.

[4] It is a correct proposition that if the apples were not practically worthless it was plaintiff's duty to have accepted them upon arrival at Paducah, and if the refusal to accept the apples was wrongful, then the plaintiff should suffer the loss incident to the further holding of the apples until they could be legally disposed of by the railway company. St. L. & S. W. Ry. Co. v. Burrus M. & E. Co., 168 S. W. 1028; St. L. & S. W. Ry. Co. v. Cates, 15 Tex. Civ. App. 135, 38 S. W. 648; Railway Co. v. Merc. Co., 104 S. W. 1072; Baumbach v. G., C. & S. F. Ry. Co., 4 Tex. Civ. App. 650, 23 S. W. 693; G., C. & S. F. Ry. Co. v. Pitts, 37 Tex. Civ. App. 212, 83 S. W. 727; Corpus Juris, vol. 10, pp. 309, 404. But it would not necessarily follow that plaintiff could, in such event, recover nothing, as the suit is not for conversion strictly, but on allegations of negligence in transportation resulting in damage which plaintiff alleged rendered the apples wholly worthless. Under such allegations, if the proof should show that the apples were not practically worthless, plaintiff could still recover as damages the difference in the value of the apples in the condition in which they should have arrived and in their condition at the time of their arrival and tender to the plaintiff.

The court instructed the jury that "the burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence, and on the defendants to prove their defense by the preponderance of the evidence," and appellant assigns error on this charge.

[5] The burden is upon the plaintiff to establish the issues upon which he relies to entitle him to recover, and is upon the defendant to establish the affirmative defenses relied upon to defeat the recovery. Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593.

[6] Such charge as given, however, would be apt to be confusing to the jury as it might deprive the defendant of the benefit of its general and special denials, which do not constitute affirmative matters of defense, and might lead the jury to conclude that the burden as to the plaintiff's right to recover would shift upon his making a prima facie case by his own evidence, which would be an incorrect application of the law. Kirby Lumber Co. v. Stewart, 141 S. W. 295.

[7] It was shown that after the application of the $20 realized by the railway company on the sale of the apples there was due a balance of $145.60 freight charges on the shipment, and the railway company, by a cross-action, prayed for judgment for this amount. Upon the trial, the railway company will be entitled to recover the unpaid freight. If plaintiff should recover damages, such recovery may be offset by the amount due as freight charges, with judgment against the party owing the other after offsetting the one item against the other.

It will not be necessary to consider other questions presented by other assignments as they are not likely to arise on another trial.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes