93  201
94  155
93   201
119  128

CASE 32—PETITION ORDINARY—MAY 17.

# Louisville and Nashville Railroad Company v. Owen, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

A COMMON CARRIER CAN NOT LIMIT HIS LIABILITY FOR NEGLIGENCE by stipulating in a contract to carry property that in the event of loss or damage his liability is not to exceed a certain sum.

WM. LINDSAY FOR APPELLANT.

1. The verdict should have been for appellant upon the facts, and the court erred in refusing a new trial on that ground. Under our peculiar practice, it may be erroneous to instruct peremptorily upon the plaintiff's evidence, and equally erroneous to refuse a new trial if the jury rests a verdict upon such evidence. (Buford v. L. & N. R. Co., 82 Ky., 287.)
2. The court erred in refusing an instruction as to contributory negligence.
3. The limitation in the contract as to the amount of recovery was reasonable, and should have been enforced. (Hart v. Penn. Co., 114 U. S., 331.)

BARNETT, MILLER & BARNETT of counsel on same side.

HUMPHREY & DAVIE, L. C. WILLIS for appellee.

1. This court, on the former appeal, in its response to a petition for rehearing, expressly settled that the removal of the horse by the company was a waiver of the provision in the bill of lading that notice should be given of the injury and claim before the horse was taken from the place of injury. (10 Ky. Law Rep. 558.)

2. It was negligence on the part of the Railroad Company to provide only a narrow platform, four and a half feet high, covered with threshing machines and other exhibits for a country fair; and to require horses to be unloaded on such platform from the cars. (L. & N. R. Co. v. Hedger, 9 Bush, 645; L. & N. R. Co. v. Rhodes, 9 Bush, 688.)

3. The fact that the horse, on being unloaded on this unsuitable platform, contributed to his injury by being restless and vicious, does not relieve the company; whose duty it was to have "chutes" for unloading, whereby the natural restlessness and viciousness of animals would be guarded against. (L. & N. R. Co. v. Rhodes, 9 Bush, 688; L. & N. R. Co. v. Hedger, 9 Bush, 645.)

4. The bill of lading did not contain any agreement as to the value of the horse, or fix any value; but only provided that in case of loss the "amount claimed" should not exceed $100. There is a distinction between such a provision, and shipping a horse on an agreed valuation. (Hart v. Pa. R. Co., 112 U. S., 331; Hoeing v. Adams Express Co., 8 Ky. Law Rep., 154; Lawson on Contracts of Common Carriers, p. 97.)

5. The Kentucky rule, under bills of lading like this, is that the agreement to only "claim" a limited sum is invalid, where the injury occurs from the negligence of the carrier. (Hoeing v. Adams Express Company, 8 Ky. Law Rep., 154; 9 Ky. Law Report, 814; C. & O. R. Co. v. Grover, 11 Ky. Law Rep., 236; Lawson on Contracts of Carriers, p. 31.)

6. Where the agent of the company is correctly informed, at the time of the receipt of the horse, as to what is its real value, and the receipt is not an agreement as to value, but only an agreement that the shipper will not claim exceeding a fixed amount, the real value can be recovered. (Lawson on Contracts of Carriers, p. 97; 36 Ga., 635; 22 La. Ann., 158.)

JUDGE BENNETT delivered the opinion of the court.

This case has been here before and decided. (See 87 Ky., 626.)

The appellant contracted with the appellees to carry by rail the appellees' race horse from Shelbyville, Ky., to the fair grounds near Chicago, Ill. The horse was to

be, while on the appellant's train, under the control of the appellees' servants. Upon the arrival of the train at the place of destination the appellees' servants were ordered to take the horse off the train, but they objected because the platform was not safe for the purpose of taking off live stock; but they did take the horse off, by way of that platform, in obdience to the appellant's orders. The platform was about four and one-half feet high, about ten feet wide and several hundred feet long, with large head lights at each end, and no railing or banisters on the sides. The horse, while being taken on the platform, became frightened and restive and fell from the platform and struck the rail of the railroad track, and injured himself permanently.

This suit was instituted for the purpose of recovering damages for said injury, upon the ground that the injury was caused by the negligent structure of said platform. The jury found that the injury to the horse was the result of said negligence; and judgment was rendered for the compensation awarded by the jury. The appellant has appealed from that judgment. The decision, *supra*, settles the legal questions in this case, except the following one that is material to be noticed:

The bill of lading stipulated, as a part of the contract, that in case of damage to the horse its value was not to exceed one hundred dollars; and the lower court instructed the jury that they might, in a certain state of case, disregard that stipulation, and find the actual value of the horse. The appellant objects to the form of that instruction. But as the jury evidently found that the horse was injured by the negligence of the appellant, the instruction in question was not material, for it is well

settled in nearly all the States of the United States that common carriers can not limit their liability for damages done by their negligence to property they have in charge for transportation.

Says Lawson, in his work on Common Carriers (page 31): "In this country it is generally held that he may limit his responsibility as an insurer, by special contract, but that he can not, by any contract, exempt himself from responsibility for the consequences of his own negligence, or for the negligence of his servants or agents; contracts of the latter kind being considered as being void because they are against public policy, and because they are supposed to be obtained under circumstances which give to the carrier an undue advantage in obtaining terms which the law can not enforce without giving its sanction to injustice and oppression." This rule seems to be sanctioned by this court in the cases of Louisville and Nashville R. Co. v. Hedger, 9 Bush, 645, and Rhodes v. L. & N. R. Co., *Idem*, 688.

We find no error in the other instructions. The verdict of the jury as to the negligent structure of the platform for the purpose of receiving and discharging live stock, was sustained by the evidence.

The judgment is affirmed.