CASE 22—PETITION ORDINARY—MARCH 9.

# Baughman, &c., v. Louisville, &c., Railroad Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. JOINDER OF PLAINTIFFS.—Where a contract for the shipment of horses owned by different persons was made with the carrier by one person acting as the agent of the several owners, each owner had a separate right of action for the damages suffered by him by breach of the contract, and if all had united in one action the defendant would have had cause of demurrer; therefore, the defendant had no right, after separate actions were brought, to demand that they be consolidated.

2. CARRIERS—CONTRACT LIMITING LIABILITY.—A common carrier can not contract for exemption from the consequences of his own negligence or that of his servants; nor will the courts give effect to a stipulation in a contract for the shipment of goods exempting the carrier from paying their full value in the event they are lost or destroyed by his negligence, although the stipulation be in the form of an agreement as to the value of the goods.

   In this case, in which the court refuses to give effect to such a stipulation in a contract for the shipment of a horse, it is not alleged that plaintiffs or their agent deceived defendant as to the value of the horse, nor was the rate of freight lowered in consideration of the stipulation as to value.

MUIR, HEYMAN & MUIR, E. F. TRABUE FOR APPELLANTS.

1. The action of the court in refusing to consolidate the actions can not be reviewed, as appellee does not pray a cross-appeal. But the decision of the court upon this question is undoubtedly correct. Persons severally interested can not join, and even if these actions had been joined they might have been separated on motion. (Civil Code, sec., 83.)

2. Even if appellee had succeeded in consolidating the actions, the motion to remove to the Federal Court must still have failed, as the amounts could not be added to give jurisdiction. (Henderson v. Wadsworth, 115 U. S., 204; Stewart v. Dunham, 115 U. S., 329; Gibson v. Shufeldt, 122 U. S., 27.)

3. A common carrier can not, by contract, limit its liability for negligence. And while the parties may, in advance, liquidate the damages recoverable in case of loss, yet in doing so they must have reference to the *truth*. The insertion in the contract of an arbitrary value, with the declaration that it is agreed to be the real value, is not binding. (Adams Express Co. v. Knott, 2 Duv., 563; K. C., St. J. & C. & C. B. R. Co. v. Simpson, 30 Kan., 651; Moulton, &c., v. R'y

Baughman, &c., v. Louisville, &c., Railroad Co.

Co., 31 Minn., 85; Orndorff v. Express Co., 3 Bush, 194; Southern Express Co. v. Gutman, 6 Ky. Law Rep., 587; Cincinnati, &c., R. Co. v. Grover, 11 Ky. Law Rep., 236; Pa. R. Co. v. Weiler, 134 Pa. St., 310; Pa. R. Co. v. Riaordon, 119 Pa. St., 577; Southern Express Co. v. Seide, 67 Miss., 609; R'y Co. v Hugert, 90 Ala., 39; U. S. Express Co. v. Backman, 28 Ohio St., 144; L. & N. R. Co. v. Wynne, 88 Tenn., 320; Southern Pac. R'y Co. v. R. E. Maddox & Co., 75 · Texas, 300; Hahn v. Hausman, 12 Bush, 249.)

The cases of concealment of the real nature of the thing transported stand on a different principle.

HUMPHREY & DAVIE FOR APPELLEE.

1. The plaintiffs having represented and agreed that the goods are of a specified value, and thus obtained the benefit of a diminished rate of transportation, are now estopped to claim, in contradiction of their representation and agreement, that the goods are of a greater value. (Hill v. Boston, &c., R. Co., 144 Mass., 284; Graves v. Lake Shore, &c., R. Co., 137 Mass., 33; Magnin v. Dinsmore, 62 N. Y., 35; s. c, 20 Am. Rep., 442; Rosenfield v. P. D. & E. R. Co., 103 Ind., 124; Richmond, &c., R. Co. v. Payne, 86 Va., 481; Hart v. Pa. Co., 112 U. S., 336; St. Louis R. Co. v. Weakly, 50 Ark., 397; Louisville & Nashville R. Co. v. Sherrard, 4 Southern Rep. (Ala.), 29; Harvey v. Terre Haute R. Co., 74 Mo., 538; Louisville & Nashville R. Co. v. Lowell, 15 S. W. Rep., 837; Duntley v. Boston & Maine R. Co., 20 Atl., 327.)

There is no case in · Kentucky holding that such a contract is not valid. (Louisville & Nashville R. Co. v. Brownlee, 14 Bush, 600; Hoeing v. Adams Express Co., 8 Ky. Law Rep., 154; Adams Express Co. v. Hoeing, 9 Ky. Law Rep., 814.)

2. If this case is remanded it should be with a direction to consolidate the actions and transfer them to the Federal court.

Cases will be consolidated where they involve a litigation between the same parties in causes of action, all of which might be united into one suit. (Cecil v. Briggs, 2 Term Rep., 639; Veile v. Germania Ins. Co., 26 Iowa, 9; s. c., 96 Am. Dec., 83; Dent v. Kendall, 9 N. J. Law, 335; Logan v. Mechanics' Bank, 13 Ga., 201; Tartley v. Colport, 65 Ga., 259.)

When the actions are thus consolidated they become one action. (Castro v. Whitlock, 15 Texas, 439.)

The plaintiffs were united in interest, and should have joined in a single suit. Where there is a promise to two or more persons to perform one single duty all must sue. (Civil Code. section 24; Weinstock v. Bellwood, 12 Bush, 140; Birch v. Poynter, 1 B. M., 65; 1 Parsons on Contracts, p. 13; Angus v. Robinson, 8 Atl. Rep., 499; Farrington v. Payne, 15 John., 432; Brandenburg v. I. P. & C. R. Co., 13 Ind., 103; Olcott v. Hugus, 105 Pa. St., 354; Wright v. Baldwin, 18 N. Y.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered in an action by Baughman & Lasley, against Louisville, Evansville and St. Louis Railroad Company, that was tried at the same time and together with three others against the same defendant.

It is stated substantially by plaintiffs that they delivered to defendant, to be shipped on its road from Louisville to St. Louis, Mo., a horse of which they were owners, named "Hart Wallace," of the value of twenty-five thousand dollars; but that while the train was *en route* defendants servants in charge negligently placed the car containing the horse and about a dozen others in such position that it collided with another train and was wrecked, whereby the horse was injured, and plaintiffs were damaged the sum of fifteen hundred dollars.

Before and after filing its answer, defendant moved the court to consolidate the action with the three others mentioned, in each of which damage is prayed for by the respective plaintiffs, on account of injuries done to their horses while on the same car, and that the four actions be removed to the United State Circuit Court, but that motion was overruled. However, subsequently, the four actions were, without objection, tried together, and under instruction of the court a separate verdict was returned by the jury in favor of the plaintiffs in each action, though as to each the amount of recovery was limited to the maximum sum of liability fixed by the bill of lading.

It seems to us the motion to consolidate the four actions against objection of the parties plaintiff in

each case, was properly overruled. The general rule prescribed in section 18, Civil Code, is that "every action must be prosecuted in the name of the real party in interest." And by section 22: "All persons· having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs."

Therefore, if the plaintiffs had all united originally in one action, the defendant would have had cause· of demurrer. For, although the contract for shipping the horses was made with the defendant, and signed by one Weatherford as owner and shipper, he was, in fact, merely agent of each of the several firms to whom the animals respectively belonged, and neither could he have maintained an action, nor could any one of the four firms have sued for or recovered damages suffered by the others. The subject of each one of the actions was the injury done to the property of and consequent distinct damage to the plaintiffs who brought it; and the plaintiffs in the other actions did not have any interest in the subject, or in obtaining the relief therein demanded. If then, the plaintiffs need not, nor could have united in the same action, nor were indeed compelled to bring the different actions at the same time or in the same court, we do not see by what right the defendant could demand a consolidation of the actions· after they are brought.

The main question is, whether the following stipulation in the contract of shipment is binding upon the plaintiffs: "And it is further agreed that should damage occur for which the said party of the first

part may be liable, the value at the date and place of shipment shall govern the settlement, in which the amount claimed shall not exceed, for a stallion or jack, two hundred dollars; for a horse or mule, one hundred dollars; cattle, thirty dollars each; other animals, five dollars each; which amounts, it is agreed, are as much as such stock as are herein agreed to be transported are reasonably worth."

The plaintiffs offered to prove, and averred in writing the witnesses introduced would prove, the following facts: That they are owners of the horse mentioned; that he was injured by the gross negligence of defendant's servants, as alleged in the petition, and that said injury was the sum of one thousand nine hundred and seventy-five dollars. But the court sustained defendant's objection to the evidence, and thereupon instructed the jury to find for the plaintiffs only the sum of two hundred dollars previously tendered by defendant, and the verdict was so returned.

It has been distinctly held by this court that a common carrier can not, by contract or otherwise, obtain exoneration from loss which has been the result of the negligence of himself or his agents (Louisville & Nashville R. Co., 14 Bush, 600), and the doctrine seems to have been generally sanctioned in this country, upon the ground public policy forbids an enforceable stipulation for exemption by a common carrier from consequences of his own negligence or that of his servants. (See Hart v. Pennsylvania R. Co., 112 U. S., 331, and authorities there cited.) But whether a contract limiting the value of goods beyond which a common carrier is not to be held liable to the owner can be given effect

when the loss was occasioned by negligence of the carrier or his servants is a question upon which courts of this country are divided; though, as said in Hutchinson on Carriers, 260, the weight of authority is in favor of holding him to full responsibility without power by contract or in any other mode to relieve himself of it. And to that effect is decision of this court in L. & N. R. Co. v. Owen, 93 Ky., 201. We do not, in fact, see how, if it be admitted, as seems to be generally done, that a common carrier can not obtain exemption by contract from the general consequences of his negligence, he can make a valid and enforceable contract by which he may be exempted from paying full value of goods of the shipper destroyed or lost by his negligence; for if public policy forbids enforcement of a contract of exemption when loss is occasioned by negligence, it logically requires full, not partial, measure of compensation to the owner of goods so lost or destroyed. It seems to us a common carrier can not be injured or unfairly dealt with if simply required, in the usual course of business, to deliver the goods at the place of destination, or account to the shipper for their full value in case he, in violation of his contract, and by his own negligence or that of his servants, has lost or destroyed them; for if the goods are of high value, or the owner or bailee shall fix a high value upon them, it is always competent for the carrier or bailee to use care and expense, and then demand compensation for their carriage proportioned to such value. The shipment of the horse in this case was in the usual course of business, and the bill of lading signed by the agent

of plaintiffs contained none other than the ordinary stipulations. It is not alleged the plaintiffs or their agent deceived defendant as to the value of the horse. Nor, though so argued by counsel, was the rate of freight lowered in consideration of the agreement of plaintiffs to accept less than actual value of their horse in case of loss or injury by negligence of defendant. The contract can not be fairly construed to mean that the reduction of freight rate was made from such consideration or inducement; nor is it even so alleged in defendant's answer. But the reduction of the freight was manifestly made by reason of the shipment of a dozen or more horses, including that of plaintiffs, in the same car, under one contract and one consignment of the goods.

Wherefore, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.