CASE 53—ACTION TO RECOVER DAMAGES FOR BREACH OF CONTRACT—
Sept. 20.

# Southern Ry. Co. v. Marshall.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

PARTIES TO ACTIONS—JOINT CONTRACT—SEVERANCE OF PARTIES—CAR-
RIERS—MEASURE OF DAMAGES FOR DELAY—EXCESSIVE VERDICT.

Held: 1. Where a funeral party was delayed in returning home
by a carrier's failure to comply with its contract to hold a train
for them, any one of the party, without joining the others,
may maintain an action to recover damages for the delay, though
the contract was made with them jointly.

2. The measure of damages in such an action is such sum as will
fairly compensate plaintiff for any time he lost, or expense
he incurred, or personal inconvenience or discomfort he suf-
fered by reason of the breach of contract, there being nothing
warranting a recovery for pain of body or of mind.

3. As plaintiff, who was delayed only for a night, secured a bed, and
went to sleep, returning home the next morning early, and
suffered no pecuniary loss except $22.50 paid as his half the ex-
pense of the funeral party for the night, a verdict for $250
is excessive, plaintiff not being entitled to recover for the dis-
comfort or inconvenience of other members of his party.

4. A carrier, after acting upon a contract with knowledge of the
fact that it had been made by a clerk assuming to act as gen-
eral passenger agent, can not deny his authority.

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLANT.

The petition alleges that the defendant agreed with the plain-
tiff to transport him and his friends, together with the re-
mains of his deceased mother, on August 25, 1897, upon de-
fendant's afternoon train from Jeffersontown to Shelbyville,
Ky., at which latter place the deceased was to be buried, and
also agreed to furnish them a separate coach and to return the
party the same evening from Shelbyville to Jeffersontown, on the
train due at Shelbyville at 6:45 p. m., and if necessary, would
hold the evening train thirty minutes or longer.

That the defendant negligently and carelessly, in violation
of its agreement, failed to hold the train at Shelbyville at

Southern Ry. Co. v. Marshall.

all, and that plaintiff and his family and friends thereby missed the train and were compelled to remain in Shelbyville until next morning, and were exposed to all sorts of discomforts and caused suffering of mind and body and shame and mortification and put to expense in caring for his family and friends during that night, for which he claims $1,800 in damages.

The jury returned a verdict for $250, from which verdict and judgment the defendant appeals.

We submit:

1. The court erred in overruling the special demurrer to the petition, as the petition shows on its face a defect of the parties plaintiff.

2. The evidence fails to show that the appellant through any of its agents made a contract with the appellee to hold the train in question.

3. The evidence clearly shows that Grainger, the clerk, in the appellant's passenger department, with whom appellee claims he made the contract, had no authority to hold the train.

4. That the appellant never held Grainger out as having authority to hold trains, and appellee had no right to presume that he had such authority.

5. Appellee neither alleges nor proves any physical injury, but merely mental suffering, and the law does not allow a recovery for mental suffering unaccompanied by any bodily injury. Therefore the court erred in instructing the jury that the plaintiff could recover for mental pain and humiliation.

6. Appellee does not show any real damage or any pecuniary loss, except so far as the $22.50 expenses incurred by him in taking care of his family and friends at Shelbyville all night. And if he were allowed to recover at all, his recovery should have been limited to that amount.

### AUTHORITIES CITED.

Civil Code, secs. 24, 92; Ency. Pl. & Pr. vol. 15, p. 528; McCallister's Admr. v. Sav. Bank Lou. Assignee, 80 Ky., 687; Trigg v. St. Louis, Kansas City & Northern Ry. Co., 74 Mo., 147 (41 Am. Rep., 305); Dorrah v. I. C. R. R. Co., 65 Miss., 14 (7 Am. St. Rep., 629); Pierce on Railroads, 302; Johnson v. Wells Fargo Co., 6 Nev., 224; 3 Am. Rep., 245; Wyman v. Leavitt, 71 Me., 227; 36 Am. Rep., 303; Bovee v. Town of Danville 53 Vt., 183; Cannon v. Inhabitants of Williamstown, 1 Cash, 451; Trigg v. St. Louis R. R. Co., 6 Am. & Eng. R. R. Cases, 345; 74 Mo., 147; 41 Am. Rep., 305; Chicago R. R. v.

Southern Ry. Co. v. Marshall.

Scurr, 59 Miss., 456; ;42 Am. Rep., 373; Vicksburg R. R. v. Scanlon, 63 Miss., 413; Texarkana & Ft. Smith Ry. Co. v. Anderson (Ark.) Am. & Eng. R. R. Cases, new series, vol. 18, p. 37; Wilcox v. Danville & Richmond R. R. Co., 52 Fed. Rep., 264; Gatzow v. Buening (Wis.) 81 N. W., 1003; Chapman v. Western Union Tel. Co., 90 Ky., 265.

PRYOR & SAPINSKY, ATTORNEYS FOR APPELLEE.

O'NEAL & O'NEAL, OF COUNSEL.

We submit:

1. That the court acted properly in overruling the special demurrer to plaintiff's petition upon the authority laid down in the case of Braughman v. Louisville and R. R. Co.
2. The evidence clearly shows that Grainger was chief claim clerk of the appellant company, and that Tayloe, the assistant passenger agent, Whedon, thegeneral passenger agent, and Loyal, the superintendent, were all out of the office at the time the appellee called, and that, pursuant to Grainger's own testimony, he had authority to act in the absence of others.
3. The instructions as to measure of damages are correct and the verdict not excessive.

### AUTHORITIES CITED.

Baughman v. Louisville Railroad Co., 94 Ky. Law Rep., p. 150; 8th Am. & Eng. Ency. of Law, (2d ed.), sec. 5, pp. 658 and 659; Ballou v. Farnum, 11 Allen, Mass., p. 73; Young v. Western Union Telegraph Co., 107 North Carolina, p. 370; Wadsworth v. Western Union Telegraph Co., 86 Tenn., p. 695; Montgomery, etc., Railroad Co. v. Mallette, 92 Ala., 209; Sloane v. Southern California R. R. Co., 111 California, 668; Haniford v. Kansas City, 103 Mo., 172; St. Louis R. R. Co. v. Trimble, 54 Arkansas, 354; Memphis & Cincinnati Packet Co. v. Nagel, 16 Ky. Law Rep., p. 748; Chapman v. Western Union Telegraph Co., 90 Ky. Law Rep., p. 265; Western Union Telegraph Co. v. McIlvoy, 21 Ky. Law Rep., p. 1393; 5 Am. & Eng. Ency. (2d ed.), 706, 697, 98.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee's mother died at Jeffersontown, Ky. The family desired to take her remanis to Shelbyville for burial on August 25, 1897. Appellee, on August 24th, went to see Blandford, appellant's agent at Jeffersontown, and told him that he wished to make arrangements to have

his mother's remains, the family, and some friends trans-
ported to Shelbyville, and for the party to return to Jeffer-
sontown after the burial.   The agent told him that he
would have to see the general passenger agent at Louis-
ville.   Appellee then went to Louisville, and, on reaching
the office, found Mr. Tayloe, the general passenger agent,
out; also the assistant passenger agent; but the chief
clerk, by the name of Grainger, assumed to act, and as ap-
pellee claims, made an arrangement with him, after con-
sulting the superintendent, to the effect that appellant
would furnish the funeral party a separate coach from
Jeffersontown to Shelbyville on the train which left Louis-
ville at 4:20 p. m. on August 25th, arriving at Jefferson-
town shortly thereafter, and that the party should re-
turn from Shelbyville to Jeffersontown on the passenger
train arriving at Shelbyville at 6:45 p. m. that evening,
and that, if necessary to enable the party to catch this
train, he would hold it thirty minutes, or longer.   When
the train on which the party were to go reached Jefferson-
town, it was forty-five minutes late, and while the funeral
party was at the cemetery the other train came.   The
train dispatcher refused to hold it to wait for the party,
and they were left at Shelbyville.   An effort was then
made to return on a freight train, but that was discon-
tinued, and the party were compelled to remain in Shelby-
ville over night.   Some of the party returned to Jefferson-
town on the train the next morning; others stayed there
all day, attending the fair, and returned that evening.
This suit and four others were then filed by appellee and
the other members of the family for damages for the fail-
ure of the company to hold the returning train for them.
Appellant demurred specially to the petition for defect
of parties plaintiff, insisting that all the persons for

whom the contract was made must join, as it was alleged that the agreement was made with the plaintiff and the other members of the family. The court overruled the demurrer, and it is insisted for appellant that this was error.

Authorities are cited maintaining the rule that, where a promise is made to several jointly, all must unite as plaintiffs, in an action for a breach of it. This is not the character of contract, however, to which that rule applies. In Baughman v. Railroad Co., 94 Ky., 150 (14 R., 775) 21 S. W., 757, several persons owning horses made a contract shipping them in one car. The car was wrecked, and it was held that a several action lay by each owner to recover the damages done to his stock, for the reason that one was not interested in the stock of the other. The same principle applies to the case before us. The damages for the delay in transportation was a distinct cause of action in favor of each passenger delayed. One might suffer considerable loss, and another but little. One would have no interest in the recovery of the other. We are therefore of opinion that the court properly overruled the demurrer.

The jury to whom the case was submitted returned a verdict in favor of appellee for $250. This was clearly excessive, under the evidence. The only pecuniary loss that appellee showed he sustained was $22.50, which he paid as his half of the expense of the funeral party at Shelbyville that night; his brother paying the other half. When it was found that the party could not return on the freight train, appellee secured a bed, and went to sleep, returning home the next morning early. He can not recover for the discomfort or inconvenience of other members of his party. There is nothing in the record warranting a recovery for pain of body or of mind, or for anything more

than compensation for the loss sustained. The measure of damages is such sum as will fairly compensate appellee for any time he lost, or expense he incurred, or personal inconvenience or discomfort that he suffered by reason of appellee's failure to transport him from Shelbyville to Jeffersontown on the train as agreed. The instructions of the court did not properly give the jury the true criterion of damages, and this may have influenced the verdict.

It is insisted for appellant that Grainger was without authority to make the arrangement. But in the note which Grainger wrote the superintendent at the time in regard to the matter, which was produced by appellant on the trial, he signed his name as acting general passenger agent. Appellant did not repudiate the authority which he assumed, but acted upon the contract which he made, and can not, after so doing, deny his authority. Whether he made the contract as alleged, of course we do not determine. Judgment reversed, and cause remanded, with directions to grant appellant a new trial, and for further proceedings consistent with this opinion.