CASE 16—ACTION BY I. L. WALKER AGAINST THE ADAMS EXPRESS CO. TO RECOVER THE VALUE OF A DOG LOST BY CARRIER.—NOVEMBER 22.

# Adams Express Co. v. Walker.

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  AFFIRMED.

CARRIERS—CONTRACT LIMITING LIABILITY—EFFECT—CONSTRUCTION— WHAT LAW GOVERNS—LIMITATION.

1. An agreement in a contract of shipment that no suit for damages should be brought, unless commenced within six months after the loss, is in effect an attempt to vary the statute of limitations, and against public policy and unenforceable.
2. Limitation is governed by the law of the forum, and the courts of this State will not, as a matter of comity, enforce a contract made in another State, fixing the time within which a suit arising out of such contract shall be brought.
3. Where three dogs, securely crated, were delivered to a carrier, and only two remained in the crate when it was delivered at its destination, and no account was given by the carrier of the missing dog, negligence upon the part of the carrier will be presumed.
4. Where a contract for the carriage of a dog, made in Ohio, limiting the carrier's common law liability, would have been invalid in Kentucky, under Const., sec. 196, forbidding carriers to contract away their common-law liability, the carrier should show, in order to protect itself under such contract, not only that the contract was valid under the law of Ohio, but that the loss of the dog, constituting the nonperformance of the contract, also occurred there.

5. Under Const., sec. 196, forbidding common carriers to contract away their common-law liability, a contract providing for the release and discharge of a carrier from all liability for the loss of dogs, unless caused by the negligence of the agents or employes of the carrier, and restricting the carrier's liability to $25 on account of the loss of any of the dogs, is invalid.

MAXWELL & RAMSEY AND JOHN R. SCHINDEL, FOR APPELLANTS.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The demurrer was defective in form. Mutual Ins. Co. v. Crist, 19 Rep., 305; 39 S. W. R., 837; Reed v. Drais, 67 Cal., 491; 8 Pac. Rep., 20, 21; Kennon v. West. Union Tel. Co., 92 Ala., 399; 9 So. Rep., 200, 201; Corpening v. Worthington, 99 Ala., 541; 12 So. Rep., 426.

2. Failure to declare true value a fraud upon the carrier. 4 Elliott on Railroad, sec. 1510; Tyly v. Morrice, Carthew, 485; McCance v. L. & N. W. Ry. Co., 7 H. & N., 477, 486; Hayes v. Wells, Fargo & Co., 23 Cal., 185, 591; Shackt v. Railroad, 94 Tenn., 658; Chicago & Alton R. R. Co. v. Shea, 66 Ill., 471, 476-77; Chicago & Aurora R. R. Co. v. Sampson, 19 Ill., 578; Harvey v. T. H. & I. R. R. Co., 74 Mo., 538, 546; Scammon v. Wells, Fargo & Co., 84 Cal., 311; L. & N. R. R. Co. v. Frazee, 24 Ky. Rep., 1273; 71 S. W. R., 437.

3. Validity of contract determined by law of Ohio. Liverpool Steamship Co. v. Ins. Co., 129 U. S., 387; McDaniel v. C. & N. W. Ry. Co., 24 Ia., 412; Hazel v. C., M. & St. P. R. Co., 82 Ia., 477; Grand v. Livingston, 38 N. Y. Supp., 490, 492; Wald v. P., C., C. & St. L. Ry. Co., 60 Ill. App., 460; Fairchild v. P. W. & B. R. Co., 148 Pa. St., 527, 24 Atl., 79; Fanseca v. Cunard S. S. Co., 153 Mass., 553; O'Regan v. Cunard, S. S. Co., 160 Mass., 356; Gebhard v. Garnier, 12 Bush, 321; Dyke v. Railway Co., 45 N. Y., 113; Insurance Co. v. Force, 142 N. Y., 90, 100; Penn. Co. v. Fairchild, 69 Ill., 260; Western & A. R. R. Co. v. Exposition Mills, 81 Ga., 522; 7 S. E., 916; Talbott v. Merchants' Despatch Co., 41 Ia., 247; Western Union Tel. Co. v. Eubank, 100 Ky., 591; O. & M. Ry. Co. v. Tabor, 98 Ky., 503.

4. Contract does not conflict with sec. 196, Ky. Cons. M. S. & N. I. R. R. Co. v. McDonough, 21 Mich., 165; Baker v. L. & N. R. R. Co., 78 Tenn., 304; Heller v. C. & G. I. Ry. Co., 109 Mich., 53; 66 N. W., 667; L. S. & M. S. Ry. Co. v. Perkins, 25 Mich., 329; L., C. & L. R. R. Co. v. Betz, 7 Ky. Rep., 606; L. & N. R. R. Co. v. Wathen, 23 Ky. Rep., 2123; 66 S. W., 714; Railroad Co. v. Hedger, 9 Bush, 645; New Jersey Steam Co. v. The Bank, 6 How., 344; Lee v. Union Central Ins. Co., 56 S. W. R., 724; Owen v. Insurance Co.,

Adams Express Co. v. Walker.

87 Ky., 571; Fund Co. v. Turner, 39 Ky., 665; Riddlesbarger v. Insurance Co., 7 Wall. 376; L. & N. R. R. Co. v. Harned, 23 Ky., 1651; 66 S. W. R., 25.

S. D. ROUSE and CHARLTON THOMPSON, for appellee.

CLASSIFICATION OF QUESTIONS DISCUSSED WITH AUTHORITIES.

1. Setting out portions of a pleading in a partial demurrer, instead of compelling a party to paragraph is not improper. Even if it were, there would be no reversal where there was no prejudice. Sun Insurance Co. v. Crist., 19 Rep., 304; Williams v. Langford, 15 B. Mon., 566.

2. It is the universal rule in the conflict of laws that a contract is to be tested by the law of the place where it is to be performed. Telegraph Co. v. Eubanks, 100 Ky., 591; Ry. Co. v. Tabor, 98 Ky., 503; Goddin v. Shipley, 7 B. Mon., 306; Story's Conflict of Laws, sec. 280: Andrews v. Pond, 13 Pet., 65; Bell v. Bruen, 1 How., 169; R. R. Co. v. Bank, 12 Wall., 226; Miller v. Tiffany, 1 Wall., 298.

3. For the purpose of this rule performance means completion. Telegraph Co. v. Eubanks, 100 Ky., 591; R. R. Co. v. Sheppard, 56 O. S., 68.

4. Nor will any foreign contract be enforced which is against the public policy of the domestic state. Story's Conflict of Laws, sec. 244.

5. The common law liability attached to the carriage of live stock, and the carrier is liable as an insurer, regardless of negligence. Kinnick v. R. R. Co., 69 Ia., 665; Wilson v. Hamilton, 4 O. S., 723; Hall v. Renfro, 3 Met., 51; R. R. Co. v. Hedger, 9 Bush, 645; R. R. Co. v. Tabor, 98 Ky., 503; R. R. Co. v. Graves, 21 Rep., 684; R. R. Co. v. Radford, 23 Rep., 886.

6. In holding that the carrier is not liable for injuries caused by the animals to themselves, the courts simply apply the rule that where a loss occurs through the inherent defects of the goods shipped there is no liability. The principle in all kinds of shipments is the same. Hall v. Renfro, 3 Met., 51; Clark v. R. R. Co., 14 N. Y., 511; Evans v. R. R. Co., 111 Mass., 142; R. R. Co. v. Hedger, 9 Bush, 645.

7. All special contracts of shipment seeking to limit the amount of the carrier's liability, to confine its liability to cases of negligence or to make a special limitation, or condition to bringing suit are void under section 196 of the Constitution of Kentucky. R. R. Co. v. Frazee, 24 Rep., 1273; Ry. Co. v. Tabor, 98 Ky., 503; Ry. Co. v. Graves, 21 Rep., 684; R. R. Co. v. Radford, 23 Rep.,

886; Telegraph Co. v. Eubanks, 100 Ky., 591; Brown v. R. R. Co., 100 Ky., 525.

8. The test of a common carrier is whether the carrier holds itself out to the public, not whether it insists on a special contract. Story on Bailments, 2d. Ed., sec. 495.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Walker, was the owner of an English setter bitch. On November 13, 1902, he delivered her, securely crated, with two other dogs, to the Adams Express Company, at Wooster, Ohio, to be carried to Vanceburg, Ky., and there delivered to J. C. Walker, his agent. When the crate reached Vanceburg, the bitch was missing, and he filed this suit to recover of the express company $250, her alleged value. The defendant, by its answer, denied that it was a common carrier of live stock, or that the bitch was lost by its negligence, or was of value exceeding $25. It also pleaded as follows: "Prior to the delivery of said dogs to the defendant, it notified plaintiff that its charges for carrying the same would be based upon the value of the dogs—said value being unknown to defendant—and requested plaintiff to declare the value thereof, in order that defendant might fix its charges; that its charges would be $2.70 if the value of each dog did not exceed the sum of $50, and proportionately greater if the value of the dogs exceeded $50 each; and the plaintiff, in pursuance of said notice and request, then well knowing the value of said dogs, and their value being wholly unknown to the defendant, declared to the defendant that the true value of said dogs did not exceed the sum of $50 each, and on the faith of said declaration, and in consideration of said charge of $2.70, based upon said valuation of said dogs the plaintiff and defendant entered into an agreement in writing, which was valid by the laws of Ohio, whereby the defendant agreed to carry said dogs from Wooster, Ohio, to Vanceburg, Kentucky, for the sum of $2.70, and the plain-

Adams Express Co. v. Walker.

tiff agreed to, and did release and discharge the defendant from all liability for loss of said dogs from any cause whatsoever, unless such loss should be caused by the negligence of the agents or employes of the defendant, and that the defendant should not be liable to the plaintiff, in any event, in excess of $25 on account of the loss of any of said dogs. Said agreement further provided that no suit should be brought against the defendant for recovery for the loss of said dogs unless commenced within six months next after such loss should have occurred, and that, if any suit should be commenced against the defendant after the expiration of said six months, lapse of time should be taken as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding." The court sustained a demurrer to this part of the answer. On the trial of the case the following agreed statement of facts was filed: "By consent of parties a trial by jury is waived, and the following facts are agreed to: That the bitch in the petition described was shipped as alleged in the petition; that her value was unknown to the defendant; that a special contract of shipment was signed by the parties; that the defendant held itself out as a carrier of live stock only under the conditions of said special contract, a copy of which is filed as a part of this agreed statement; that the bitch was properly crated; that she escaped from the custody of the defendant somewhere between Wooster, Ohio, and Vanceburg, Kentucky; and that her value was two hundred ($200) dollars." The circuit court entered judgment in favor of the plaintiff, and the defendant appeals.

In Western Union Telegraph Company v. Eubanks, 100 Ky., 591, 18 R., 995, 38 S. W., 1068, 36 L. R. A., 711, 66 Am. St. Rep., 361, a telegram was sent from Atlanta, Ga., to Franklin, Ky. One of the conditions printed on the back

of the message was that no action should be brought for damages unless commenced within 60 days after the message was sent. The court, after laying down the rule that public policy forbids that a carrier should by any contract exempt itself from damages resulting from its own negligence, said in reference to the contract limitation of 60 days for the bringing of the action that it is the province of the lawmaking power to prescribe the time in which an action may be brought, and that the limitation of 60 days, if not an attempt to vary the statute of limitation, would, if enforced, have that effect. This case was approved in Davis v. Western Union Telegraph Company, 107 Ky., 527, 21 R., 1251, 54 S. W., 849, 92 Am. St. Rep., 371, where the court again said as follows as to the limitation of 60 days contained in the contract: "That such a provision, as respects telegrams, is contrary to public policy, and will not be upheld, seems to be indicated in Smith v. W. U. Telegraph Co., 83 Ky., 104, 7 R., 22, 4 Am. St. Rep., 126, and the rule is authoritatively so announced by this court in Telegraph Co. v. Eubank, 100 Ky., 591, 18 R., 995, 38 S. W., 1068, 36 L. R. A., 711, 66 Am. St. Rep., 361. It was error to hold that the stipulation presented a valid defense."

It is insisted for appellant that, the contract here having been made in Wooster, Ohio, it must be governed by the laws of Ohio, and that by the laws of Ohio such a limitation is valid. Limitation is governed by the law of the forum in which the suit is brought, and the courts of this State will not, as a matter of comity, enforce a contract made in Ohio as to the time when the suit shall be brought, for this is regulated by our statutes.

From the agreed facts, negligence on the part of the defendant may be inferred, for if three dogs were delivered to it securely crated, and two remained in the crate when de-

livered at Vanceburg, no account being given by the defendant of the missing dog, clearly it should be presumed that the defendant or some of its agents converted the dog, or by negligence allowed it to escape. We are referred to decisions of the Supreme Court of Ohio holding that a common carrier can not by contract protect itself from its own negligence, and that this rule applies to the carriage of animals. Wilson v. Hamilton, 4 Ohio St., 723; U. S. Express Co. v. Backman, 28 Ohio St., 144; Railroad Co. v. Sheppard, 56 Ohio St., 68, 46 N. E., 61. But we can not take judicial notice of the law of Ohio. The demurrer admits the truth of the plea. In Cleveland, etc., R. Co. v. Druien, 118 Ky., 237, 80 S. W., 778, 26 Ky. Law Rep., 103, this court had before it the question by what law a contract of carriage is governed where the contract is made in another State, and the goods are to be delivered in this State. The rule was there laid down that where the contract is valid in the State where it is made, the law of that State governs it, so far as it is to be performed outside of this State, but that the law of this State, governs it so far as it is to be performed in this State. In the case of Western Union Telegraph Company v. Eubanks, 100 Ky., 591, 18 R., 995, 38 S. W., 1068, 36 L. R. A., 711, 66 Am. St. Rep., 361, it was not pleaded that the contract was valid under the law of Georgia, or that the loss occurred there; and the court seems to have had in mind, in what it said in that case, only the limitation of the action to 60 days. The same is true of the case of Cincinnati, etc., R. Co. v. Graves, 52 S. W., 961, 21 Ky. Law Rep., 684. The cases of I. C. R. Co. v. Radford, 64 S. W., 511, 23 Ky. Law Rep., 886, and L. & N. R. Co. v. Frazee, 71 S. W., 437, 24 Ky. Law Rep., 1273, involved contracts made n this State. Section 196 of the Constitution gov-

erns such contracts. Its language is: "No common carrier shall be permitted to contract for relief from its common law liability." The Constitution of Kentucky has no extraterritorial effect, and this provision does not govern contracts made elsewhere which are lawful by the law of the place where they are made, It governs contracts made in Kentucky, and these, being unlawful at the place where they are made, are void everywhere; but contracts that are made elsewhere, and are valid where made, will be governed here by the law of the place where they are made, so far as they are not performed here. Under this rule the court properly sustained the demurrer to the defendant's plea of the law of Ohio, as it did not show that the dog was lost in Ohio; and, to protect itself under the Ohio law, it should have shown not only that the contract was valid under the law of Ohio, but that the nonperformance of the contract occurred there.

It remains to determine what are the rights of the parties under the law of Kentucky. In Ondorff v. Adams Express Company, 3 Bush, 194, 96 Am. Dec., 207, a contract limitation similar to the one relied on here was considered by the court, and it was held that a common carrier could not by such a contract exempt itself from losses by negligence. This case was followed in L. C. & L. R. Co. v. Hedger, 9 Bush, 645, 15 Am. Rep., 740, which was, like this, a case where damages were sought for the carriage of animals. To the same effect are Rhodes v. L. & N. R. Co., 9 Bush, 688; L. & N. R. Co. v. Brownlee, 14 Bush, 590; L. & N. R. Co. v. Owen, 93 Ky., 201, 14 R., 118, 19 S. W., 590; Baughman v. L. E. & St. L. R. Co., 94 Ky., 150, 14 R., 775, 21 S. W., 757. The precise question here raised was made in Cincinnati, etc., R. Co. v. Graves, 52 S. W., 961, 21 Ky. Law Rep., 684, where it was alleged that the

stock was undervalued, and thereby the defendant was mis-
led as to its value. The plea was held bad. That shipment
was made from Cincinnati, Ohio, to Lexington, Ky. The
same question was again made in I. C. R. Co. v. Radford,
64 S. W., 511, 23 Ky. Law Rep., 886, where the shipment
was from Hopkinsville, Ky., to Evansville, Ind., and L. &
N. R. Co. v. Frazee, 71 S. W., 437, 24 Ky. Law Rep., 1273,
where the contract was also made in Kentucky. While the
exact question here made was presented in only one of those
cases, and there are expressions in some of the opinions limit-
ing them to the particular facts before the court, still the rea-
soning in all the cases is against the validity of such con-
tracts, and we regard them as settling the rule in this State
under our constitutional provision. In the absence of a spe-
cial contract, it would not be maintained that the defendant
is not liable for the value of the dog lost. But our Consti-
tution declares the contract limiting this liability void. So
the contract is as though it had not been made, and the de-
fendant is liable, unless sufficient facts are shown indepen-
dently of the special contract to avoid the contract for
fraud, or to create an estoppel at common law.

Judgment affirmed.

Petition for rehearing by appellant overruled.