CASE 95.—ACTION BY JACOB LACER, AGAINST THE WEST-
ERN UNION TELEGRAPH CO., FOR DAMAGES FOR
FAILURE TO DELIVER A TELEGRAM.—May 10.

## Western Union Telegraph Co. v. Lacer

Appeal from Jefferson Circuit Court. (Common
Pleas Branch, First Division.)

EMMET FIELD, Judge.

Judgment for plaintiff. Defendant appeals.
Affirmed.

Jurisdiction—A contract made in one State to be performed
partly where made and partly in another State should be
construed, in fixing a liability for its breach according to the
laws of the jurisdiction where the breach occurred. A
telegram sent from Boonville, Ind., to Louisville, Ky., which
had to be transferred at Evansville, Ind., from one of the
company's lines to another of its lines, and thence forwarded
to Louisville, was a contract to be performed in Kentucky.

2. Telegram—Illness of Brother—Failure to Deliver—Action for
Mental Suffering—A telegram addressed to Jake Lacer,
Enterprise Hotel, Louisville, Ky., sent from Boonville, Ind.,
announcing the expected death of a brother of the sendee,
and which in being transferred at Evansville, Ind., from one
of the company's lines to another of its lines, the name of
the sendee was changed to Jake Koer, so that it was not
delivered to the sendee until four days after the brother's
death, the sendee was entitled to recover damages for mental
suffering by the failure of the company to deliver the tele-
gram promptly and expeditiously as under its contract as a
common carrier of messages it is required to do.

RICHARDS & RONALD for appellant.

(No brief in record.)

CHESLEY & SEARCY for appellee.

If a contract is made in one state and is to be performed in another, it will be presumed that it was entered into with reference to the laws of the latter, and these laws will be resorted to in ascertaining the validity obligation and effect of the contract. (Howard v. W. U. Tel. Co., 27 Ky. Law Rep., 244; Adams Ex. Co. v. Walker, 26 Ky. Law Rep., 1025; W. U. Tel. Co. v. Blake, 68 S. W., 528; Pritchard v. Norton, 106 U. S., 124; Godden v. Shipley, 7 B. M., 575; Tyler v. Trabue, 8 B. M., 306; Stephens v. Gregg, 89 Ky., 461; Chapman v. W. U. Tel. Co., 90 Ky., 268.)

OPINION OF THE COURT BY JUDGE O'REAR— Affirming.

A telegram was sent from Booneville, Ind., to appellee, then at Louisville, Ky., on August 10, 1904, as follows: "Jake Lacer, Enterprise Hotel, Louisville, Ky. Napoleon failing, can't live, doctor says. L. Lacer." The Napoleon referred to was appellee's brother. He was then very ill at Booneville, Ind., and died on August 21, 1904. If the telegram had been delivered promptly, appellee, who was at the Enterprise Hotel in Louisville, could have reached his brother's bedside before his death. But the telegram was not delivered till August 25, 1904, six days after it was sent, and four days after the death of appellee's brother referred to therein. It is admitted that appellant had not a direct line of wire from Booneville, Ind., to Louisville, Ky. The message had to be sent to Evansville, Ind., where it was transferred from one of appellant's lines to another, and thence forwarded to Louisville. In taking it off the Booneville line and transferring to the Louisville line some of appellant's agents misread the name Lacer, and sent it as Koer, so that, when it was delivered to the Enterprise Hotel at Louisville, there being no one there by the name of Jake Koer, it was returned to appellant's receiving office

in Louisville, where it was found by appellee at the date last mentioned above. Appellee brought this suit in the Jefferson Circuit Court to recover damages for his mental suffering occasioned by appellant's breach of its contract in failing to deliver the message expeditiously, as it had agreed to do.

The action is maintainable under the laws of this State (Chapman v. Western Union Telegraph Co.. 90 Ky. 268, 12 Ky. Law Rep., 265, 13 S. W. 880; W. U. Tel. Co. v. Van Cleave, 54 S. W., 827, 22 Ky. Law Rep., 53, 107 Ky., 464, 92 Am. St. Rep., 366), unless, as appellant contends it is, the cause of action accrued in Indiana, where such damages are not recoverable, which brings us to an analysis of the cause of action sued on. Appellant is engaged in a service of the public for hire. Its business is that of a common carrier of messages. It contracted with the sender of the dispatch in this case, for the benefit of appellee, that it would promptly and expeditiously deliver the exact message received by it to the person at the place addressed. The relation is one growing out of contract. The breach by appellant gives the sendee of this message the right to recover damages within the legal contemplation of the parties when it was entered into, which, since the Chapman Case, supra, must be deemed to have included mental anguish occasioned by a failure to deliver it. Appellant seeks to avoid the breach of the contract by alleging, so as to avoid the effect of the Kentucky rule on this subject, that the breach occurred by reason of its negligence wholly in the State of Indiana, where the contract was made. The cases of C., C., C. & St. L. Ry. Co. v. Druien, 118 Ky., 237; 80 S. W., 778; 26 Ky. Law Rep., 103; 66

L. R. A., 275, and Adams Express Co. v. Walker, 119 Ky., 121; 83 S. W., 106; 26 Ky. Law Rep., 1025; 67 L. R. A., 412, are particularly relied on as supporting its position in this contention. Each of these cases arose out of a contract to ship property from another State into the State of Kentucky by a common carrier operating in both the States. In each case it was held that the breach of such a contract made in another State, would give to the shipper or consignee a right of action therefor in the State where the breach occurred, which would be governed by the laws of such latter State. From this it is argued that, as it is admitted that the negligent act of appellant in this case, by which the dispatch was altered in the name of the addressee and sender, occurred wholly in Indiana, the cause of action therefor arose then in that State, and the rights of the parties growing out of the contract must be controlled by the laws of that State. This contention is, we think, a misconception of the nature of the action in this case. It is for the breach of a contract, caused, it is true, by a tortious act of appellant. A contract made in one State, to be performed partly where made and partly in another State, should be construed, in fixing a liability for its breach, according to the laws of the jurisdiction where the breach occurred; for it must be conclusively presumed that the parties entered into it with such intent, purposing that in its execution, as well as in its construction, the laws of each State where it was being performed were to be read into it. This is the precise point decided in the Druien case, supra.

But, argues appellant, the performance in this case was in course of execution in Indiana, where the contract was made, when it was breached; i. e. when

appellant negligently altered the address so as to
cause it to miscarry.   The thing contracted for in
this case was, not to carry property, but to do a serv-
ice.   The service which was contracted for was to
expeditiously deliver the correct message to the
addressee at the point addressed.   See extended
opinion in Howard v. Western Union Telegraph Co.,
86 S. W., 982; 27 Ky. Law Rep., 858; 119 Ky., 625.
Transcribing it into the characters of the Morse code,
or otherwise, temporarily rendering it unintelligible
to ordinary persons including appellee, would not
affect the contract or any rights of the parties, so long
as it was finally and in due time correctly communi-
cated to the person intended.   The message consisted
of intelligence to be transmitted partly by means of
electrically conducted sounds, and partly by messen-
ger, so that it would quickly reach the person
designated by the contract.   Appellant undertook to
do this.   It was a single undertaking, the performance
of which was to take place in Kentucky.   The delivery
of the message, the communication of the intelligence
to the person named, was the thing to be done.   The
contract in suit is not different in this feature of its
nature than if A. undertook to go in person from
Booneville, Ind., to Louisville, Ky., and there find B.
at a named point, and communicate to him a message
for the sender.   Whether A. en route forgot the
message, or misremembered the name of the person
to whom it was to be delivered, would not be material
as affecting his liability in the undertaking.   If he in
fact found the person and told him the true message,
the contract would be satisfied.   But his failure to
deliver would be a breach of his undertaking, which
could not occur till he failed to deliver at the place

and within the time contracted for. That appellant, a corporation, sends its messages by electric current, instead of personal messengers, does not alter the nature of the service, so far as its being an undertaking to do a single thing. The element of expedition is the principal material difference between the service undertaken in this case and the one imagined in the illustration. In our opinion it is materially different from the nature of a contract to carry a chattel and deliver it. As was said in the Druien case, that contract (to carry a lot of horses) "was not only to deliver. It was also to safely carry. It was broken * * * when the horses were killed. A cause of action upon the contract instantly arose. A suit could have been maintained there that moment for its breach." Obviously, if a carrier undertook to carry a lot of horses from a point in Illinois and deliver them to a point in Kentucky, if the horses were killed by the carrier in Illinois, it could never do anything more toward executing its undertaking. The thing it was to carry and deliver no longer had an existence. The chattel consigned to the carrier's safe-keeping had been destroyed by it. Hence the consignee could then say that the undertaking was that moment broken. But in the case at bar the thing to be transmitted was formless, impalpable, a message of words conveying intelligence, a mental picture of a fact, to be reproduced by words uttered. It could not be hurt, much less destroyed, in its transmission. Nothing but the failure to deliver in due time could affect its value to the sendee. There cannot be a segregation of liability on the undertaking. It is whole, single, and susceptible of becoming fixed only in the final act contemplated. A telegraphic message is not property

which can be destroyed, though undoubtedly it is susceptible of such interest akin to a property right, that the sender and sendee would be entitled to be protected in its privacy.   We are of opinion that appellant's liability on the contract in suit is to be measured by the laws of this State, where the breach of the contract occurred.   Such was the ruling of the circuit court.

Judgment affirmed.